THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT ALEXANDER, Defendant-Appellant.

Fourth District   No. 4—84—0902

Opinion filed September 26, 1985.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

On October 20, 1982, the defendant, Robert Alexander, pleaded guilty to four counts of rape, four counts of burglary, four counts of home invasion, one count of armed violence and one count of deviate sexual assault. On October 3, 1984, Alexander filed a petition for post-conviction relief with respect to the convictions entered on the above guilty pleas. The petition alleged, in essence, that there was no basis for Alexander's initial detention and that he confessed to some of the offenses to which he ultimately pleaded guilty only after approximately five hours of "sometimes heated interrogation." According to the petition, the "information and facts" obtained by means of Alexander's illegal arrest, detention and interrogation were used to effect his guilty plea and were violative of Alexander's rights under the fourth, fifth, sixth, and fourteenth amendments to the United States Constitution (U.S. Const., amends. IV, V, VI, XIV) and under sections 2, 6 and 10 of article I of the Illinois Constitution (Ill. Const. 1970, art. I, secs. 2, 6, 10). The petition contained a prayer for an order finding that Alexander's initial arrest was illegal due to the lack of probable cause for the arrest. Alexander also requested that the court "order that [his] guilty plea be withdrawn" and that all evidence obtained pursuant to his allegedly illegal arrest be suppressed. The petition was accompanied by a motion requesting the appointment of counsel to represent Alexander in the proceedings on the petition and requesting that Alexander be furnished copies of the transcript and common law record of the proceedings which resulted in the guilty

pleas without charge on the basis of Alexander's indigency.

On October 31, 1984, the State filed a motion to dismiss Alexander's petition. Relying on police reports, the State alleged that there was probable cause for Alexander's arrest; that at the time of Alexander's interrogation, he was advised of his rights and indicated that he understood them; and that Alexander at no time attempted to terminate the interrogation. The State also pointed out that Alexander was represented by privately retained counsel at the guilty plea proceedings, that Alexander's counsel did not file a motion to suppress evidence, and that at the time that he pleaded guilty, Alexander was "advised of his rights and knowingly waived those rights."

At a hearing held November 9, 1984, at which only the State was represented, the State requested that Alexander's petition be dismissed pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1), which provides in pertinent part that within 30 days of the filing of a petition for post-conviction relief which the court finds to be frivolous or patently without merit in view of court files relating to the proceedings in the cause, the court shall dismiss the petition in a written order.

Following a further hearing held November 26, 1984, at which Alexander again was neither represented by counsel nor personally present, the court, on November 30, 1984, entered a written order finding that (1) the matters stated in Alexander's petition were not violative of his constitutional rights; (2) the judgment in the cause had been final for more than two years; (3) at the time of sentencing, Alexander was advised of his right to appeal his sentence and/or withdraw his guilty plea and did not pursue those remedies; (4) examination "of the transcript of the Defendant's sentencing" revealed that the basis of Alexander's guilty pleas was "factual evidence" including a palm print, as opposed to Alexander's admissions; (5) "the Defendant's counsel of choice stated that the Defendant made certain admissions in other pending criminal cases which were dismissed and further prosecution barred as part of the disposition in the above-captioned cases;" and (6) Alexander's petition is "frivolous and patently without merit."

The same judge who considered and dismissed Alexander's petition for post-conviction relief received Alexander's guilty pleas and imposed sentence on him.

Central to Alexander's contentions on appeal are the following sections of the Code of Criminal Procedure of 1963:

"(a) Within 30 days after the filing and docketing of each pe-

tition [for post-conviction relief], the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceeding." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1.

"If the petition is not dismissed pursuant to Section 122—2.1, and alleges that the petitioner is unable to pay the costs of the proceeding, the court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings delivered to petitioner in accordance with Rule of the Supreme Court." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—4.

"All proceedings under this Article [the Post-Conviction Hearing Act] shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction." (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8.)

Alexander asserts that because of (1) the trial court's failure to dismiss his petition within 30 days of its filing, (2) the consideration of Alexander's petition by the same judge who accepted his guilty pleas, and (3) the holding of hearings as to Alexander's petition in which only the State was allowed to participate, the proceedings which preceded dismissal of his petition failed to conform to requirements of sections 122—2.1 and 122—8 to the extent that reversal of the trial court's dismissal of the petition and remandment of the cause for further proceedings in the trial court is required.

Alexander finally contends that the statutes providing for dismissal of petitions for post-conviction relief prior to the appointment of counsel to represent the petitioner are unconstitutional because they conflict with a supreme court rule which Alexander asserts re-

quires the appointment of counsel to represent all petitioners for post-conviction relief (87 Ill. 2d R. 651(c)) and because they violate the equal protection rights of indigent petitioners for post-conviction relief.

In our recent decision in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, we rejected the two constitutional arguments which Alexander advances. Alexander has presented no convincing reasons why we should reconsider those aspects of the *Baugh* decision, and we therefore decline to do so.

The State asserts for the first time on appeal that section 122—8 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8), which requires that a petition for post-conviction relief be considered by a judge who was not involved in the proceedings which led to the petitioner's conviction is, if mandatory in nature, an unconstitutional infringement on the powers of the judiciary in that it impinges upon the circuit court's authority to regulate its dockets, calendars, and business (Ill. Rev. Stat. 1983, ch. 110, par. 1—104(b)) and the obligations of judges to expeditiously and efficiently handle all matters assigned to them. (87 Ill. 2d R. 61(c)(7).) We need not address the State's constitutional argument as to the different judge provision (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8) for the State has waived that argument by failing to first present it to the trial court. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■ Upon the statutory issue, we find that the trial court erred in failing to assign the cause to a judge who did not participate in the proceedings which resulted in Alexander's guilty plea. The statutory provision at issue, by its plain language, requires that a petition for post-conviction relief be assigned to a judge who did not preside at the proceedings which resulted in the defendant's conviction. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8.) We must, therefore, hold that the circuit court's failure to assign Alexander's petition for post-conviction relief to such a judge requires reversal of the circuit court's order dismissing Alexander's petition and remandment of this cause for consideration of the petition by a judge who was not involved in the proceedings which culminated in Alexander's guilty plea. Compare *People v. Ruiz* (1985), 107 Ill. 2d 19, 479 N.E.2d 922.

■ An additional factor supporting reversal of the trial court's decision and remandment of this cause is the *ex parte* nature of the hearings of November 9 and 26, 1984, at which Alexander was neither personally present nor represented by counsel. A reading of the relevant statutory provisions (Ill. Rev. Stat., 1984 Supp., ch. 38, pars.

122—2.1(a), (c)) leads to the ineluctable conclusion that in providing for the dismissal of petitions which are frivolous or patently without merit prior to the appointment of counsel to represent the petitioner, it could not have been the legislative intent to sanction *ex parte* hearings of the type which were held in the case at bar prior to dismissal of Alexander's petition. Rather, at this preliminary stage of the proceedings, the trial judge alone must consider the petition in view of the relevant court files. The State is to have no input with regard to the circuit court decision at this stage of the proceedings. Even absent the above statutory provisions, we would nevertheless be constrained to hold that the hearings at issue were improper, for fundamental fairness and orderly procedure demand that both parties be permitted to participate, either in person or through counsel, at hearings relating to petitions for post-conviction relief, even where the hearings are confined solely to legal arguments. One-sided hearings, such as those held in the case at bar, may in some circumstances unduly prejudice the petitioner. See *Price v. Johnson* (1948), 334 U.S. 266, 280, 92 L. Ed. 1356, 1367-68, 68 S. Ct. 1049, 1057.

Because of our decision, we need not consider the arguments of the parties as to whether the claims asserted in Alexander's petition are meritorious.

Due to the trial court's conducting two *ex parte* hearings on Alexander's petition without the appointment of counsel to represent Alexander, and because Alexander's petition was not assigned to a judge not involved in the proceedings which resulted in the convictions of Alexander on the basis of his guilty pleas, we must reverse the judgment of dismissal and remand this cause to the circuit court.

Defendant argues that by reason of the failure of the trial court to dismiss the petition within 30 days as provided in section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1), the order is void and that for such reason the cause must be remanded to the circuit court to proceed to hearing upon the petition. We do not agree for the reason that analysis of the cited opinion in *In re T.E.* (1981), 85 Ill. 2d 326, 423 N.E.2d 910, does not provide or require such result.

That opinion involved an appeal of an order revoking probation. Such order was based upon an order which granted probation but which failed to fix or state a term of probation. The appellate court determined that such order was erroneous and voidable for want of statutory authority to grant probation and remanded to the trial court to fix a term of probation.

Three supreme court justices concluded that the order granting

probation was void, while three justices believed that such order granting probation was only voidable. Mr. Justice Simon, concurring with the majority, noted:

"Although I concur in the majority opinion and judgment, I feel it in order to observe that while the majority and dissent express different views of jurisdiction to revoke the probationary disposition in these cases, by accepting either approach the same result can be reached. Under the majority view the original dispositional orders were void. Consequently each minor is theoretically still subject to an appropriate dispositional order on the original adjudication of delinquency." 85 Ill. 2d 326, 337, 423 N.E.2d 910, 915.

We interpret this language as having the net effect that upon reversal of the orders of granting probation and revoking probation respectively, the cause continued to pend in the trial court upon an adjudicatory order awaiting a dispositional proceeding and order.

We believe that such conclusion is consistent with the remanding order of the supreme court, which affirmed the action of the appellate court reversing the trial court's orders granting probation and revoking probation, but, in addition, reversed that portion of the appellate court order which remanded to the trial court for purposes of fixing a definite term. The supreme court mandate remanded to the circuit court for further proceedings consistent with the views expressed. In two cases consolidated with *In re T.E.*, the appellate court reversed the orders of the trial court which granted probation and revoked probation respectively, and remanded to the trial court for further proceedings. The supreme court affirmed such dispositions.

■ Upon the hypothesis that the order of the trial court dismissing the post-conviction petition was void for failure to comply with statutory requirements of sections 122—2.1 and 122—8 of the Code, rather than voidable and must, therefore, be reversed, the cause continues to pend in the trial court upon the post-conviction petition filed by defendant.

The order of the trial court dismissing the petition is reversed, and the cause is remanded with directions that the petition be assigned to a judge who did not participate in the underlying criminal proceedings and to proceed thereafter as provided in section 122—2.1 of the Code (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1).

Reversed and remanded with directions.

GREEN, P.J., and WEBBER, J., concur.