THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY TATE BAKER, Defendant-Appellant.

Fourth District   No. 4—84—0747

Opinion filed November 21, 1985.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman and Denise M. Ambrose, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant Jerry Baker appeals the denial of his post-conviction petition. He claims that the judge that presided at his trial should not have ruled on the petition. We agree and, therefore, reverse.

Defendant was convicted in 1981 of murder. Judge Morthland presided at the trial. This court affirmed the direct appeal. Defendant brought the instant proceedings by filing a petition for post-conviction relief. He also requested to proceed in *forma pauperis* and with appointed counsel. Judge Morthland denied the petition in an order finding the petition to be patently without merit. Defendant's request for counsel was not acted upon. Defendant brings this appeal.

Defendant's first claim is that Judge Morthland should not have decided whether the petition was meritorious. Defendant cites the pertinent sections of the Criminal Code of 1961 providing for post-conviction relief. "All proceedings under this Article shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction." Ill. Rev. Stat., 1984 Supp., ch. 38, par. 122—8.

■ The language of the statute is clear. Our supreme court recently also thought so. In *People v. Ruiz* (1985), 107 Ill. 2d 19, 479 N.E.2d 922, the court found error for the post-conviction petition to be decided by the judge that presided at trial. While there was no request for a different judge in the instant case, we see no such burden placed on a petitioner. The language is clear. The trial judge erred in considering the petition. A different judge should have done so. This court reached the same result in *People v. Alexander* (1985), 136 Ill. App. 3d 1047. Therefore, we must reverse the denial of the petition and remand for another judge's determination.

■ The State claims that the other judge provision is an unconstitutional infringement on the power of the judiciary. We, however, decline to discuss the issue, considering it waived. The issue was never raised before the trial court, therefore, it would be improper for us to consider it here. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.

■ Defendant next addresses the trial court's failure to appoint

counsel in the proceeding below. We have recently addressed this issue on both grounds presented by defendant in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 224. The first challenge is that section 122—2.1, which allows the denial of the petition prior to the appointment of counsel, conflicts with Supreme Court Rule 651(c). Ill. Rev. Stat. 1983, ch. 38, par. 122—2.1; 87 Ill. 2d R. 651(c).

As we stated in *Baugh*:

> "The constitutional right to counsel, which is absolute at trial, has not been found to apply to post-conviction proceedings. [Citation.] Indeed, this court has stated in reference to section 122—2.1, that 'the right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by the legislature at will.' [Citation.]" *People v. Baugh* (1985), 132 Ill. App. 3d 713, 715-16, 477 N.E.2d 724.

We note that the petition in the present case was dismissed on its face. Yet, had the petition gotten to the point of legal argument or fact-finding, fundamental fairness would dictate that a petitioner not be thrown into the lion's den without a sword. He should receive the assistance of counsel at that point. *Cf. People v. Alexander* (1985), 136 Ill. App. 3d 1047.

Defendant next contends that equal protection is violated when a post-conviction petitioner-appellant is appointed counsel pursuant to Supreme Court Rule 651(c), but no counsel is appointed to assist in preparation of the post-conviction petition. However, defendant presents no new arguments than those considered in *Baugh*. As in *Baugh*, we find no violation of equal protection.

Defendant's final contention is that Judge Morthland erred in finding defendant's petition to be without merit. Because we are reversing the decision and remanding for reconsideration, we need not address the issue.

Therefore, the order of the circuit court of Macon County is hereby reversed. The cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

SCOTT and BARRY, JJ., concur.