THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARVA MASON, a/k/a Linda Wells, Defendant-Appellant.

First District (4th Division)   No. 84—2802

Opinion filed May 22, 1986.

Steven Clark, Alan D. Goldberg, and Michael J. Pelletier, all of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Paula M. Carstensen, and Jeffrey S. Ryan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JIGANTI delivered the opinion of the court:

This appeal arises from the summary dismissal of a *pro se* petition for post-conviction relief filed by the defendant, Marva Mason, a/k/a Linda Wells, and the denial of her request for the appointment of counsel. The defendant on appeal challenges the constitutionality of section 122—2.1 of the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) which allows for the dismissal of post-conviction petitions which are deemed to be "frivolous" or "patently without merit" prior to the appointment of counsel. (See Ill. Rev. Stat. 1985, ch. 38, par. 122—4.) The defendant also asserts

on review that as the trial court failed to enter a written order specifying its findings of fact and conclusions of law within 30 days of the filing and docketing of the petition, as required under section 122—2.1, the dismissal must be vacated and the cause remanded. Finally, the defendant challenges the constitutionality of section 122—8 of the Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—8) which requires that the petition shall be considered by a judge who was not involved in the original proceeding which resulted in conviction.

The defendant had been convicted of attempted murder, armed robbery, and aggravated battery (Ill. Rev. Stat. 1985, ch. 38, pars. 8—4, 9—1, 18—2, 12—4), and sentenced to concurrent terms of 25 to 50 years of imprisonment. On direct appeal, the conviction was affirmed by this court in an order issued pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23; *People v. Mason* (1981), 100 Ill. App. 3d 1196) and the Illinois Supreme Court denied leave to appeal. The defendant subsequently filed her *pro se* petition for post-conviction relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*) in which she claimed the ineffective assistance of counsel at both the trial and appellate court levels; the denial of a fair trial when the trial court denied defendant's motion for severance; the denial of due process and a fair trial by the systematic exclusion of blacks from the jury; and the sentence imposed was excessive. The defendant stated that she was indigent and requested that counsel be appointed to represent her and that a transcript of the trial proceedings be provided for her. The trial court dismissed the petition without a hearing or the appointment of counsel pursuant to section 122—2.1 of the Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1).

Section 122—2.1 provides in relevant part:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).)

If the petition is not dismissed pursuant to section 122—2.1, the court will appoint counsel to represent the indigent defendant. See Ill. Rev. Stat. 1985, ch. 38, par. 122—4.

The defendant asserts three grounds in support of her first

contention that section 122—2.1 is unconstitutional: (1) that this section conflicts with Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)), and therefore violates the doctrine of separation of powers; (2) that the denial of appointed counsel to indigent post-conviction petitioners violates the due process clause of the Federal and State constitutions; and (3) that the denial of appointed counsel for indigent post-conviction petitioners and the provision of counsel as a matter of right for indigent and nonindigent direct appellants violates the requirements of equal protection guaranteed under the Federal and State constitutions.

We believe that the defendant is correct in her first assertion that section 122—2.1 is in direct conflict with Supreme Court Rule 651(c). Rule 651(c) requires the appointment of counsel at the appellate level for an indigent post-conviction petitioner. While the rule governs appellate procedure, it additionally requires that the record in the appellate court affirmatively show that appointed counsel at the trial level in the post-conviction proceeding has consulted with the petitioner to ascertain his contentions of deprivations of constitutional rights, has examined the record of the trial proceedings, and has made any amendments to the petition necessary for adequate presentation of the petitioner's contentions. (103 Ill. 2d R. 651(c).) The purpose of this additional requirement at the trial level is to assure that the indigent petitioner has had an adequate opportunity to present his claims fairly in the context of the appellate process. (Ill. Ann. Stat., ch. 110A, par. 651, Historical and Practice Notes, at 537 (Smith-Hurd 1985); *People v. Drew* (1976), 36 Ill. App. 3d 807, 345 N.E.2d 45.) It is evident that in a situation like the present case, where the trial court dismisses an indigent petitioner's *pro se* petition without the appointment of counsel, there can be no record made in the trial court showing that the indigent petitioner has had an adequate opportunity to present his claims of constitutional deprivation under the Act.

The State attempts to resolve this apparent conflict by asserting that the prescription of Rule 651(c) that the record show that appointed counsel has discharged certain duties at the trial level applies only after the petition has passed initial judicial scrutiny under section 122—2.1 thereby entitling the indigent petitioner to the appointment of counsel at the trial level. This reasoning is flawed. The Illinois Supreme Court in interpreting the scope of its rule has indicated that the right to counsel at the trial level is an indispensable element of the petitioner's right to the adequate presentation of a post-conviction petition. (*People v. Brown* (1972), 52 Ill. 2d 227, 230,

287 N.E.2d 663; *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50.) The supreme court has not had the opportunity since the amendment adding section 122—2.1 in 1983 to consider this question. However, it is noteworthy that Rule 651(c) has been amended since the enactment of section 122—2.1 only in the respect of providing that appeals from post-conviction proceedings in death penalty cases go directly to the supreme court. (See 103 Ill. 2d R. 651, Committee Comments.) While several appellate courts, beginning with the decision of *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, *appeal denied* (1985), 108 Ill. 2d 574, support the State's assertion that these provisions do not conflict as they deal with the appointment of counsel for indigent petitioners at different stages of the post-conviction proceedings, based on our foregoing discussion we do not adopt this reasoning. See also *People v. Porter* (1986), ·141 Ill. App. 3d 208, 213-14; *People v. Swearingen* (1986), 140 Ill. App. 3d 93, 95, 488 N.E.2d 324; *People v. Ross* (1985), 139 Ill. App. 3d 674, 677-78, 487 N.E.2d 1137; *People v. Baker* (1985), 138 Ill. App. 3d 638, 640, 486 N.E.2d 331.

Article VI, section 1, of the 1970 Illinois Constitution vests judicial power in the supreme court, the appellate courts and the circuit courts. (Ill. Const. 1970, art. VI, sec. 1.) However, the legislature has the power to enact laws governing judicial practice, provided it does not unduly infringe upon the inherent powers of the judiciary. (*People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541.) Where a rule on a matter within the supreme court's inherent judicial authority and a statute on the same subject conflict, the rule will prevail. (82 Ill. 2d 268, 274, 412, N.E.2d 541.) Accordingly, as section 122—2.1 conflicts with Rule 651(c), section 122—2.1 is an unconstitutional violation of the State Constitution's mandate of the separation of powers.

■ Much of the preceding discussion is equally relevant to our consideration of the question of whether due process requires the State to provide the assistance of counsel to indigent petitioners at the trial level. We find merit to the defendant's contention that section 122—2.1 violates due process by denying counsel to indigent post-conviction petitioners who have not initially made out a legally sufficient petition. Defendant argues that the appointment of counsel at the trial level is necessary for meaningful review of the defendant's post-conviction appeal. Under the procedures of the Act. an indigent petitioner is entitled to the appointment of counsel only if the trial court finds that his claims are not frivolous and patently without merit. Once counsel has been appointed in such instances, the

petitioner, through his appointed counsel, can supplement the petition with additional constitutional claims. (Ill. Rev. Stat. 1985, ch. 38, par. 122—5.) If a petition is found to be frivolous and patently without merit, the petition will be dismissed without the appointment of counsel and the petitioner is foreclosed from any opportunity to amend his petition to draft a legally sufficient petition. As a consequence, any possible meritorious claims could never be presented as section 122—3 of the Act provides that a petitioner who fails to allege in an original or amended post-conviction petition any claim of substantial denial of his constitutional rights may not raise such a claim in a subsequent petition. (Ill. Rev. Stat. 1985, ch. 38, par. 122—3.) While the dismissal of frivolous petitions applies equally to indigent and non-indigent petitioners, nonetheless, the first time an indigent petitioner has an opportunity to discuss his constitutional claims with an attorney is on appeal from the dismissal of his post-conviction petition. However, as counsel cannot supplement the *pro se* petition with possibly meritorious claims, review is therefore limited to the claims raised in the indigent petitioner's poorly drafted petition. We believe that this procedure renders a defendant's right to an appeal a meaningless exercise for appellate counsel and for the reviewing courts. Thus, to assure meaningful review of the indigent defendant's appeal, counsel should be appointed to represent the defendant who is indigent and desires counsel at the trial level.

The United States Supreme Court has found no fundamental right to counsel for collateral attacks upon an indigent prisoner's conviction. (*Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747.) However, it is undisputably established that a prisoner has a fundamental constitutional right of access to the courts. (*Bounds v. Smith* (1977), 430 U.S. 817, 821, 52 L. Ed. 2d 72, 78, 97 S. Ct. 1491, 1494; *Procunier v. Martinez* (1974), 416 U.S. 396, 40 L. Ed. 2d 224, 94 S. Ct. 1800; *Johnson v. Avery* (1969), 393 U.S. 483, 485, 21 L. Ed. 2d 718, 721, 89 S. Ct. 747, 749.) Access must be adequate, effective and meaningful. (*Bounds v. Smith* (1977), 430 U.S. 817, 822, 52 L. Ed. 2d 72, 79, 97 S. Ct. 1491, 1495.) Without this right, all other rights a prisoner may possess are illusory. While a State may not be constitutionally required to appoint counsel for post-conviction petitioners (see *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *People v. Ward* (1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1174), where the State provides procedures for post-conviction relief, the procedures set forth must provide the petitioner with meaningful

access to the courts for post-conviction remedies. *Johnson v. Avery* (1969), 393 U.S. 483, 488, 21 L. Ed. 2d 718, 723, 89 S. Ct. 747, 750.

We believe that section 122—2.1 does not provide indigent petitioners with meaningful and effective access to the courts. Before Public Act 83—942 added section 122—2.1, effective November 22, 1983, the Act provided that at the time of the filing of the petition appointment of counsel, as requested by an indigent petitioner, was mandatory. (See Ill. Rev. Stat. 1983, ch. 38, par. 122—4.) Failure of the court to so appoint counsel constituted reversible error. (*People v. Butler* (1968), 40 Ill. 2d 386, 240 N.E.2d 592; *People v. Partee* (1980), 85 Ill. App. 3d 679, 407 N.E.2d 215.) The Illinois Supreme Court reasoned that the legislative purpose in requiring counsel for the indigent petitioner and permitting subsequent amendment of the *pro se* petition by appointed counsel was to provide a means whereby a petitioner with a meritorious post-conviction claim will have the assistance of counsel in drafting a legally sufficient petition. The dismissal of insufficient *pro se* petitions without the appointment of counsel, the court recognized, thwarts this legislative purpose and creates due process problems in attempting to thereafter apply *res judicata* and waiver principles predicated upon the original proceeding in which due process requirements were not met. *People v. Polansky* (1968), 39 Ill. 2d 84, 87, 233 N.E.2d 374.

The State argues that the Federal *habeas corpus* process parallels the Illinois Act. Federal *habeas corpus* procedures provide that the district court may appoint counsel if the petitioner is indigent but may also dismiss the petition if it is found to be frivolous or malicious. (28 U.S.C. sec. 1915(d) (1966).) The practice in the Federal courts is to appoint counsel in post-conviction proceedings only after the petition for post-conviction relief passes initial judicial scrutiny to determine if an evidentiary hearing is necessary. (*Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747.) While the court in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, and the opinions following this decision draw the same analogy between section 122—2.1 and the Federal *habeas corpus* procedures, we believe that those decisions have overlooked an important distinction between the two procedures. (See, *e.g., People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137.) The Federal *habeas corpus* act provides for the filing of subsequent or successive applications for *habeas corpus* relief. Section 2244(b) provides that a subsequent application for a writ of *habeas corpus* cannot be denied on the basis of previous applications if a new and different ground is presented in the new application or if the same ground presented earlier has

not been adjudicated on the merits, unless there has been an abuse of the writ. (28 U.S.C. sec. 2244(b) (1966).) The usual principles of *res judicata* are inapplicable to successive *habeas corpus* proceedings. (*Smith v. Yeager* (1968), 393 U.S. 122, 124, 21 L. Ed. 2d 246, 248-49, 89 S. Ct. 277, 278.) Under the Illinois Act, successive petitions are absolutely barred. (See Ill. Rev. Stat. 1985, ch. 38, par. 122—3.) The Illinois Supreme Court has found that the application of *res judicata* and waiver principles to the prior denial of a post-conviction petition evidences a policy prohibiting the piecemeal litigation of post-conviction remedies and encouraging efficient and fair resolution of all claims of substantial denial of constitutional rights in one complete opportunity. (*People v. Polansky* (1968), 39 Ill. 2d 84, 86, 233 N.E.2d 374.) It is critical therefore that a petitioner, usually with limited education, who would have great difficulty in drafting a legally sufficient petition and who would be unaware of errors outside of the trial court record, not be deprived of his only chance to make claims of substantial denial of his constitutional rights. The considerations that prompted the enactment of section 122—2.1, mainly the need to protect the courts from the burden of entertaining frivolous petitions, is not without merit (*People v. Baugh* (1985), 132 Ill. App. 3d 713, 716, 477 N.E.2d 724), but the State may not abridge or impair an indigent petitioner's right to a fair review of his claims. Post-conviction petitions, as the State argues, are relatively easy to prepare; they need only set out the facts giving rise to a claim of substantial denial of constitutional rights for relief, without citation of law or authority. The difficult task, however, is to understand what one's rights are before it is possible to set out in a petition the facts which support them, particularly so since the petitioner has only one opportunity to set forth his claims. Consequently, we find a denial of due process by the operation of section 122—2.1.

■ However, we do not believe that equal protection requires the appointment of counsel for indigent post-conviction petitioners. The defendant contends that section 122—2.1 violates equal protection guarantees because that section denies counsel to indigent post-conviction petitioners while indigent direct appellants automatically receive the assistance of counsel pursuant to Supreme Court Rule 607(a) (87 Ill. 2d R. 607(a)). We adopt the analysis and holding in *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, in which the court concluded that the two situations are not analogous and that there is a rational basis for treating the two situations differently. (132 Ill. App. 3d 713, 716, 477 N.E.2d 724; see also *People v. Porter* (1986), 141 Ill. App. 3d 208, 215-16; *People v. Ross* (1985),

139 Ill. App. 3d 674, 679-81, 487 N.E.2d 1137.) Further, there is no disparate treatment between indigent and nonindigent post-conviction petitioners as all are subject to dismissal regardless of whether they are represented by counsel if their petitions are found to be frivolous and patently without merit. Accordingly, we conclude that there was no denial of equal protection in the dismissal of the defendant's post-conviction petition without the appointment of counsel.

The defendant next challenges the constitutionality of section 122—8 of the Act, which requires that the petition be assigned to a judge who was not involved in the original proceeding which resulted in conviction. (Ill. Rev. Stat. 1985, ch. 38, par. 122—8.) The defendant asserts that section 122—8 is unconstitutional as a violation of the doctrine of separation of powers as this section impinges on the judiciary's function of the assignment of cases to judges. The defendant's petition was assigned to a judge other than the trial judge who convicted her. This issue is presently before the Illinois Supreme Court in *People v. Joseph* (1986), 113 Ill. 2d 36, in which the circuit court declared this section unconstitutional. As we have concluded that section 122—2.1 of the Act unconstitutionally violates separation of powers and due process, we will not consider the constitutional validity of section 122—8 pending disposition of this issue by the supreme court. We also find it unnecessary, in light of our remandment of this cause, to further address the remaining issues raised by the defendant concerning whether the trial court's failure to enter a written order specifying the findings of fact and conclusion of law within 30 days of the filing of the petition constituted reversible error.

For the foregoing reasons, the order summarily dismissing the defendant's post-conviction petition is reversed and the cause is remanded for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

LINN, P.J., and JOHNSON, J., concur.