THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOE LEWIS FARMER, Defendant-Appellant.

Fourth District   No. 4—86—0239

Opinion filed October 23, 1986.—Rehearing denied November 19, 1986.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

David L. Bartholomew, State's Attorney, of Tuscola (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE MORTHLAND delivered the opinion of the court:

Charged by information with five counts of armed robbery, the defendant, on July 18, 1979, acting *pro se*, entered a negotiated plea of guilty to one count and was sentenced to seven years' imprisonment. Defendant subsequently filed a post-conviction petition on February 13, 1986, pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). That petition alleged he was denied assistance of counsel and that he was mentally incompetent at the time of his guilty plea. On March 12, 1986, the circuit court of Douglas County dismissed the petition as "patently without merit" under section 122—2.1 of the Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1). Defendant appeals, assailing the validity and constitutionality of section 122—2.1 on several grounds, many of which have already been decided by this court.

Section 122—2.1 provides that a trial court shall undertake an initial examination of a post-conviction petition within 30 days of filing. If the court determines the petition is "frivolous" or "patently without merit," the petition shall be dismissed within this time frame by written order specifying findings of fact and conclusions of law. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).) Should the petition not be dismissed pursuant to that section, it is to be docketed for further consideration. (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(b).) Only then need the court appoint counsel to represent an indigent defendant. (Ill. Rev. Stat. 1985, ch. 38, par. 122—4.) Accordingly, any post-conviction petition must survive this threshold determination before counsel need be appointed.

We are initially cognizant that the defendant has put forth three reasons to support his belief that this statutory scheme is unconstitutional: (1) section 122—2.1 conflicts with Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)), which provides for the appointment of counsel for the appeal of a post-conviction petition, thereby violating the doctrine of separation of powers; (2) denying counsel to indigent post-conviction petitioners violates due process of law; and (3) not allowing indigent petitioners to have aid of counsel in preparing a post-conviction petition violates equal protection.

In *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, however, this court held that section 122—2.1 withstood constitutional attack in the face of these three arguments. This court held that there was no conflict between section 122—2.1 and Supreme Court Rule 651(c), noting that the former involved post-conviction procedure at the trial level, while the latter concerned appellate procedure. We similarly found a rational basis for treating post-conviction petitions and appeals differently, and therefore concluded there was no deprivation of equal protection. Finally, this court determined in *Baugh* that due process is not denied by operation of section 122—2.1, as the procedure parallels Federal *habeas corpus* practices, and the State is not depriving an indigent petitioner of post-conviction relief where a meritorious claim is presented.

*Baugh* was consistently followed by the appellate courts in this State until *People v. Mason* (1986), 145 Ill. App. 3d 218, 494 N.E.2d 1176. In *Mason*, the Fourth Division of the First District held that section 122—2.1 violated the constitutional mandate of separation of powers. The *Mason* court further found a violation of due process, ruling that indigent petitioners were being denied "meaningful access" to the courts for post-conviction remedies. (145 Ill. App. 3d 218, 223-24, 494 N.E.2d 1176, 1180.) *Mason* has subsequently been reaffirmed by that court in *People v. Williams* (1986), 146 Ill. App. 3d 139, and *People v. Wilson* (1986), 146 Ill. App. 3d 567. We note, however, that *Mason* not only contradicts earlier decisions rendered in the First District (see *People v. Porter* (1986), 141 Ill. App. 3d 208, 490 N.E.2d 47; *People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137), but it also diverges from decisions in this and other districts which have repeatedly upheld the constitutionality of section 122—2.1 (*People v. O'Neal* (1986), 148 Ill. App. 3d 87; *People v. Cooper* (1986), 142 Ill. App. 3d 223, 491 N.E.2d 815; *People v. Brown* (1986), 142 Ill. App. 3d 139, 491 N.E.2d 486; *People v. Swearingen* (1986), 140 Ill. App. 3d 93, 488 N.E.2d 324; *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 483 N.E.2d 1039). Although the defendant here asks us to

reconsider *Baugh* in light of *Mason*, we reject the invitation to do so, and we specifically hold that *Baugh* remains the law in this district.

Still, defendant raises another point to support his contention that section 122—2.1 suffers from some infirmity. Defendant first notes that the Post-Conviction Hearing Act was amended in 1983 by Public Act 83—942 (1983 Ill. Laws 6200) to include section 122—8 (Ill. Rev. Stat. 1985, ch. 38, par. 122—8) as well as section 122—2.1 (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1). Defendant then calls our attention to *People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501, in which our supreme court held that section 122—8 is an unconstitutional legislative enactment which attempted to govern an aspect of judicial procedure. Relying on the legislative history and debate surrounding passage of Public Act 83—942, defendant postulates that the General Assembly intended both sections 122—2.1 and 122—8 to be regarded as a single, inseverable package. He therefore concludes that, because section 122—8 has been declared unconstitutional, section 122—2.1 is invalid also.

■ It is true that when the provisions of an act which have been declared invalid cannot be severed from those which are considered valid, then the entire act must fall. (*People ex rel. Peoria Civic Center v. Vonachen* (1975), 62 Ill. 2d 179, 340 N.E.2d 1.) Stated another way, the invalidity of one section of an act or law does not affect the validity of the remainder unless it appears the legislature would not have enacted the law without including the invalid portion. (*People ex rel. Du Page County v. Smith* (1961), 21 Ill. 2d 572, 586, 173 N.E.2d 485, 493.) Our supreme court has established the following test to determine severability:

"'If what remains after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which is rejected, the invalid portion does not render the entire section unconstitutional unless it can be said that the General Assembly would not have passed the statute with the invalid portion eliminated.'" *City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 490, 338 N.E.2d 19, 23-24, quoting *Livingston v. Ogilvie* (1969), 43 Ill. 2d 9, 23, 250 N.E.2d 138, 146.

Again, section 122—2.1 was added to the Post-Conviction Hearing Act by Public Act 83—942. Other sections of the Act were also amended to conform to the new procedure provided for in that section. (Ill. Rev. Stat. 1985, ch. 38, pars. 122—1, 122—4, 122—5.) Another significant provision added by Public Act 83—942 was section 122—8, which stated:

"All proceedings under this Article shall be conducted and all petitions shall be considered by a judge who was not involved in the original proceeding which resulted in conviction." (Ill. Rev. Stat. 1985, ch. 38, par. 122—8.)

In *Joseph*, the supreme court held that section 122—8 conflicted with Supreme Court Rule 21 (103 Ill. 2d R. 21), which gives the chief judge of each circuit authority to enter general orders providing for the assignment of judges free from any express legislative limitations. (*People v. Joseph* (1986), 113 Ill. 2d 36, 46, 495 N.E.2d 501, 605.) As such, the court declared section 122—8 unconstitutional for unduly encroaching upon an area of court administration.

Public Act 83—942 originally passed both houses of the Illinois General Assembly in identical form as House Bill 463 (83d Ill. Gen. Assem., House Bill 463, 1983 Sess.) and Senate Bill 151 (83d Ill. Gen. Assem., Senate Bill 151, 1983 Sess.). The purpose of the proposed legislation, according to legislative debate on the subject, was to ameliorate some of the burdens and costs associated with the filing of a frivolous post-conviction petition without diminishing a defendant's rights. To that end, a threshold standard was established, patterned after Federal post-conviction procedures, by which a meritless petition could be dismissed without the necessity of ordering a transcript or appointing counsel. An amendment was added to both House Bill 463 and Senate Bill 151 to provide that a separate judge, not involved with the original proceedings, would make this determination. Sponsors of the bill felt it would be "better" if a "different Judge" would consider whether or not a post-conviction petition was frivolous. 83d Ill. Gen. Assem., House Proceedings, May 19, 1983, at 130 (statement of Representative John Cullerton).

However, on September 23, 1983, Governor Thompson issued an amendatory veto of Senate Bill 151, recommending deletion of all language requiring that post-conviction proceedings should be considered by a judge not involved in the original proceeding which resulted in conviction. On October 18, 1983, the Senate unanimously voted to accept the recommended changes of the Governor. (83d Ill. Gen. Assem., Senate Proceedings, Oct. 18, 1983, at 22.) When that bill was returned to the House of Representatives, though, a motion to accept the Governor's recommended changes failed. (83d Ill. Gen. Assem., House Proceedings, Nov. 1, 1983, at 6.) Discussion focused on whether "the same trial Judge who presided over the trial can be impartial when it comes to considering whether or not a post-conviction petition is frivolous." 83d Ill. Gen. Assem., House Proceedings, Nov. 1, 1983, at 7 (statement of Representative John Cullerton).

Three days later, on November 4, 1983, Senate Bill 151 was amended to reincorporate all the language originally in the bill as passed and sent to the Governor, including section 122—8. That amended bill was passed by the House with concurrence by the Senate the same day. (83d Ill. Gen. Assem., House Proceedings, Nov. 4, 1983, at 136; Senate Proceedings, Nov. 4, 1983, at 106, 110.) Public Act 83—942 then became law on November 23, 1983, adding sections 122—2.1 and 122—8 to the Post-Conviction Hearing Act and amending sections 122—1, 122—4, and 122—5.

■ Defendant maintains that, because the legislature was faced with the prospect of adding only section 122—2.1 to the Act, but would not do so without also adding section 122—8, then both provisions were intended to be treated as one package and are therefore inseverable. As the supreme court has declared section 122—8 unconstitutional, defendant believes section 122—2.1 is invalid also.

We do not agree. Section 122—2.1, taken in conjunction with those provisions amended to conform with the requirements in that section, is substantively complete in itself and capable of being executed wholly independently of that which was rejected. (*City of Carbondale v. Van Natta* (1975), 61 Ill. 2d 483, 338 N.E.2d 19.) Section 122—8 was added in an attempt to afford a petitioner-defendant even greater protections under the Act; it was not an indispensable component without which the statutory scheme could not operate. A court must still consider a petition and initially determine whether or not the substantive matters raised are frivolous or patently without merit. Nothing else has changed.

Moreover, while the Illinois House of Representatives acted to pass Public Act 83—942 only when both sections 122—2.1 and 122—8 were included, we cannot conclude from this that the General Assembly would not have passed the statute without section 122—8. The Senate apparently saw nothing wrong with the bill as amended, voting to accept the Governor's recommended changes. It was only when the House decided not to accept the bill as amended that the Senate acquiesced. From this we refuse to read an intent that the General Assembly would not have passed section 122—2.1 without section 122—8. Rather, the actions of the House evidence a certain perspicacity or single-mindedness of purpose. We perceive the Act as passed to be the result of political compromise instead. Legislative debate surrounding the amendment clearly focused on the threshold determination to be made by a judge under section 122—2.1, considered the cornerstone of the bill. Language requiring that a petition should be considered by a separate judge was added almost as an afterthought

to provide what was thought to be additional protections for a petitioner-defendant.

Furthermore, by definition, a meritorious post-conviction petition raises collateral matters not appearing in the record which a defendant claims make his conviction constitutionally invalid. Theoretically, any judge may impartially consider whether a petition has presented such a claim, not necessarily a separate judge. Accordingly, we conclude that section 122—2.1 is severable from section 122—8, and we uphold its validity here.

■ In a related argument, defendant claims that, because this cause was assigned to a judge pursuant to a statute which has since been declared unconstitutional, then the matter must be remanded for reassignment. Defendant contends that any orders entered by the judge below are void since his "jurisdiction" to hear the case was authorized by an unconstitutional statute.

We, however, are unpersuaded by this argument. In *Joseph*, section 122—8 was declared unconstitutional because it directly interfered with the general judicial authority regarding assignment of cases. The supreme court in *Joseph* did not hold that a post-conviction petition could never be assigned to a judge who was not involved in the original proceeding which resulted in a conviction. Nor did the *Joseph* court hold that all petitions must be assigned to a judge who did preside over the original proceeding. The court merely held that a statute which infringed upon an area of judicial administration could not stand.

■ Finally, the defendant advances that the trial court erred in dismissing his petition as being patently without merit. Defendant alleges that he was mentally incompetent to make a proper, knowing guilty plea as evidenced by two suicide attempts after his arrest as well as prior psychological problems. Defendant maintains such evidence is of "sufficient constitutional magnitude to be considered in a post-conviction proceeding." He also asserts that a court, in examining a post-conviction petition, should view the matter in terms of whether an attorney as advocate could "salvage" a *pro se* petition through redrafting.

Contrary to the defendant's assertions, we find that the trial court did not err in dismissing the petition pursuant to section 122—2.1. There is no indication that the defendant was not lucid or did not understand the proceedings when he entered his plea. The record reflects that the defendant's guilty plea was knowingly, willingly, and voluntarily entered after the proper admonitions were made according to Supreme Court Rule 402 (87 Ill. 2d R. 402). Moreover, the court

below had before it only the defendant's conclusory allegation that he attempted suicide. Even if true, this would not necessarily evidence mental incompetency to enter a guilty plea. Similarly, defendant's evidence of medical treatment for schizophrenia in 1972 does not indicate he was mentally incompetent to plead guilty in 1979.

Accordingly, we hold that the order of the circuit court of Douglas County is affirmed.

Affirmed.

McCULLOUGH, P.J., and WEBBER, J., concur.