THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL ROY, a/k/a James Sheridan, Defendant-Appellant.

Second District   No. 85—0720

Opinion filed January 27, 1987.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers and Cynthia N. Schneider, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE INGLIS delivered the opinion of the court:

On August 26, 1982, the defendant, Michael Roy, a/k/a James Sheridan (the defendant), appeared before Judge Robert Nolan and pleaded guilty to one count of armed robbery in cause No. 82 CF 919 and one count of escape in cause No. 82 CF 941. Judge Nolan sentenced defendant to concurrent prison sentences of 15 years and 5 years in accordance with a plea agreement. Defendant was represented by an assistant public defender.

On July 22, 1985, defendant filed a *pro se* post-conviction petition wherein he asserted that his guilty plea was induced by an unfulfilled plea agreement, that his plea was coerced by an unconstitutional pretrial detention, and that he was afforded ineffective assistance of counsel. On August 14, 1985, he filed a motion for an attorney to represent him in the post-conviction proceedings.

On August 29, 1985, Judge Nolan dismissed defendant's post-conviction petition as frivolous pursuant to section 122—1 *et seq.* of the Code of Criminal Procedure of 1963 (the Code) (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*), and refused to appoint an attorney to reformulate the petition. Defendant filed a timely notice of appeal on September 10, 1985. On October 24, 1985, the State Appellate Defender was appointed to represent him on appeal.

On appeal, defendant asserts (1) that the trial court erred in failing to assign the post-conviction proceeding to a judge who did not participate in the proceedings which resulted in the defendant's guilty plea; (2) that the trial court erred in dismissing the defendant's *pro se* post-conviction petition without first conducting a hearing at which the defendant was present; (3) that because the trial court dismissed

his petition beyond the 30-day time period specified in section 122—2.1, this cause should be remanded; and (4) that section 122—2.1 is an unconstitutional infringement on the doctrine of separation of powers and the due process clauses of the Federal and State constitutions.

■ The defendant initially argues that the order dismissing his post-conviction petition should be reversed because the trial judge who dismissed the petition was the same judge who accepted his guilty plea. He relies on section 122—8 of the Code, which mandated that a post-conviction petition must be heard by a judge who was not involved in the original proceeding. In light of the recent case of *People v. Joseph* (1986), 113 Ill. 2d 36, which declared section 122—8 to be unconstitutional as violative of the constitutional provision requiring the separation of judicial and legislative powers, we reject defendant's first argument.

Next, relying on language in *People v. Alexander* (1985), 136 Ill. App. 3d 1047, defendant argues that this cause should be remanded because the trial court dismissed his post-conviction petition without first conducting a hearing at which he was either present personally or represented by counsel. We disagree.

In *People v. Alexander*, the court disapproved of a proceeding where the prosecutor was present and the defendant was not. (136 Ill. App. 3d 1047, 1052.) The court was more concerned about the active presence of the State at this preliminary stage of the proceedings than it was about the existence or nonexistence of a formal hearing. The court stated:

> "[A]t this preliminary stage of the proceedings, the trial judge alone must consider the petition in view of the relevant court files. The State is to have no input with regard to the circuit court decision at this stage of the proceedings. *** One-sided hearings, such as those held in the case at bar, may in some circumstances unduly prejudice the petitioner." 136 Ill. App. 3d 1047, 1052.

■ In the case at bar, the State did not participate in any *ex parte* hearing with the trial court. Indeed, such a hearing is not a prerequisite to a dismissal pursuant to section 122—2.1. We do not agree that the dismissal of defendant's petition in the absence of any hearing was fundamentally unfair and requires remand. Not every petition which claims ineffective assistance of counsel or unfulfilled plea agreement alone warrants an evidentiary hearing. For a petitioner to be entitled to a post-conviction hearing, he must make a substantial showing of a violation of constitutional rights. (*People v. Williams* (1970), 47 Ill. 2d 1, 4.) We have carefully examined defendant's post-

conviction petition, and we do not find that the sworn statements warrant the fair inference of a violation of constitutional rights which are not negated by the record. His claim that his guilty plea was induced by an unfulfilled plea agreement is negated by the record, while his charges of coercion and ineffective assistance of counsel are unsupported by sufficient facts to support the claim. The petition, indeed, is a frivolous one. Therefore, an evidentiary hearing was not required to determine the truth or falsity of defendant's allegations.

● 3 Next, defendant contends that since the trial court dismissed his post-conviction petition beyond the 30-day time period specified in section 122—2.1, that dismissal is void and the case must be remanded. Defendant points this court to *People v. Brown* (1986), 142 Ill. App. 3d 139, wherein the court held that the 30-day rule of the foregoing section is mandatory and that a summary dismissal of a post-conviction petition after that period is void. He also relies on the recent case of *People v. Crete* (1986), 113 Ill. 2d 156, 161-63, wherein the supreme court concluded that the 30-day provision in section 5—8—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—1(c)), which provides that a "trial court may reduce or modify a sentence *** by order entered not later than 30 days from the date that sentence was imposed," is mandatory.

The State responds that the untimely dismissal of defendant's post-conviction petition does not require that the petition be reinstated for further proceedings. The State points to *People v. Churchill* (1985), 136 Ill. App. 3d 123, where the court addressed, and explicitly rejected, the same contention as the defendant makes in the instant case. The State acknowledges that the *Brown* decision is contrary to *Churchill*, but argues that *Churchill* is better reasoned and should be followed.

Section 122—2.1 of the Code provides in pertinent part:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. * * *

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6." (Ill. Rev. Stat. 1985, ch. 38, pars. 122—2.1(a), (b).)

The decisions of our appellate court are in conflict concerning the situation where a trial court dismisses a post-conviction petition in an untimely manner.

As stated above, our court has found that an untimely dismissal in a similar situation was reversible error. (*People v. Brown* (1986), 142

Ill. App 3d 139.) The *Brown* court rejected the argument that the 30-day dismissal rule should be construed merely as permissive, rather than mandatory. (142 Ill. App. 3d 139, 143.) The court examined the statutory language and concluded that the use of the word "shall" indicated that the legislature's intent was that the statute's directive was mandatory. (142 Ill. App. 3d 139, 143-44.) While conceding that "enforcement of the 30-day rule may seem overly technical," the court concluded that it lacked the authority to disregard clear and unambiguous statutory provisions. (142 Ill. App. 3d 139, 144.) It, therefore, held that the trial court's summary dismissal of the defendant's post-conviction petition was in violation of section 122—2.1. It remanded the cause, directing the circuit court to order defendant's petition to be docketed for further consideration in accordance with sections 122—4 through 122—6 of the Code (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4 through 122—6).

On the other hand, in *People v. Churchill* (1985), 136 Ill. App. 3d 123, the court held that the failure to meet the 30-day time limit was not reversible error. The court stated:

> "While the better practice is to follow the time limits allowed, and while we do not approve of the procedural delay, we nevertheless find it was not prejudicial in this case and does not constitute reversible error. Further, the statute does not provide any sanctions for noncompliance when no prejudice is found. Where no grounds for relief are set forth in the post-conviction petition, as in the instant case, no possible useful purpose could be furthered by holding that an evidentiary hearing should be held." 136 Ill. App. 3d 123, 125.

In light of the foregoing, we hold that the trial court's untimely dismissal of defendant's post-conviction petition beyond the 30-day time period specified in section 122—2.1 is not reversible error. In so holding, we are not unmindful of the holding of the *Brown* court or the supreme court's analysis in *People v. Crete* (1986), 113 Ill. 2d 156.

While it is our function in construing statutes to ascertain and give effect to the intent of the legislature (*People v. Steppan* (1985), 105 Ill. 2d 310, 316), we must presume that the General Assembly, in passing the legislation, did not intend absurdity, inconvenience, or injustice (105 Ill. 2d 310, 316; *People v. Carlyle* (1985), 130 Ill. App. 3d 205, 211). The instant case is illustrative of the absurdity which would result from our construing the 30-day time period of section 122—2.1 as mandatory. As we have already mentioned above, there is no substantive merit to defendant's post-conviction petition. A mandatory construction of section 122—2.1 would require that we remand this

meritless petition to the trial court for docketing and further consideration. However, the eight-day delay of the trial court in dismissing this petition in no way transforms it from frivolous to meritorious. A hearing would therefore be nothing but a wasted formality. We agree with the *Churchill* court that the better practice is to follow the time limits allowed, but, since the statute does not provide any sanctions for noncompliance where no prejudice is found, we see no purpose in remanding this cause to the trial court. The supreme court's holding in *People v. Crete* (1986), 113 Ill. 2d 156, is not controlling since it addressed a different question not in issue in this case.

■■ Finally, defendant contends that section 122—2.1 is unconstitutional because (1) it conflicts with Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)), and (2) it violates due process requirements. Defendant first contends that section 122—2.1 violates the doctrine of separation of powers by conflicting with Supreme Court Rule 651(c) (103 Ill. 2d R. 651(c)). Article VI, section 1, of the 1970 Illinois Constitution vests judicial power in the supreme court, the appellate court, and the circuit courts. (Ill. Const. 1970, art. VI, sec. 1.) While the legislature has the power to create laws which govern judicial practice, it may not unduly infringe upon the inherent powers of the judiciary. (*People v. Cox* (1980), 82 Ill. 2d 268, 274.) Where a supreme court rule conflicts with a statute on the same subject, the rule will prevail and the statute will be struck. 82 Ill. 2d 268, 274.

■■ Defendant argues that section 122—2.1 dictates that an indigent petitioner should not be afforded counsel until *after* the court makes a determination as to his petition's merits. Defendant interprets Supreme Court Rule 651(c) to require that counsel be appointed to every indigent post-conviction petitioner. He points this court to the *People v. Mason* (1986), 145 Ill. App. 3d 218, 221, decision, which reasoned as follows:

> "Rule 651(c) requires the appointment of counsel at the appellate level for an indigent post-conviction petitioner. While the rule governs appellate procedure, it additionally requires that the record in the appellate court affirmatively show that appointed counsel at the trial level in the post-conviction proceeding has consulted with the petitioner to ascertain his contentions of deprivations of constitutional rights, has examined the record of the trial proceedings, and has made any amendments to the petition necessary for adequate presentation of the petitioner's contentions. [Citation.] The purpose of this additional requirement at the trial level is to assure that the indigent petitioner has had an adequate opportunity to present his claims

fairly in the context of the appellate process. [Citations.] It is evident that in a situation like the present case, where the trial court dismisses an indigent petitioner's *pro se* petition without the appointment of counsel, there can be no record made in the trial court showing that the indigent petitioner has had an adequate opportunity to present his claims of constitutional deprivation under the Act." 145 Ill. App. 3d 218, 221.

Defendant's second constitutional argument is that section 122—2.1 violates due process by denying counsel to indigent post-conviction petitioners who have not initially made out a legally sufficient petition. This contention likewise was convincing to the *Mason* court. The court held that section 122—2.1 does not provide indigent petitioners with meaningful and effective access to the courts. (*People v. Mason* (1986), 145 Ill. App. 3d 218, 224.) The court noted that while an indigent petitioner is entitled to the appointment of counsel if the trial court finds that his claims are not frivolous and patently without merit, if his petition is found to be frivolous, the petition would be dismissed without the appointment of counsel, and the petitioner would be foreclosed from any opportunity to amend his petition to draft a legally sufficient petition. "As a consequence, any possible meritorious claims could never be presented as section 122—3 of the Act provides that a petitioner who fails to allege in an original or amended post-conviction petition any claim of substantial denial of his constitutional rights may not raise such a claim in a subsequent petition." (145 Ill. App. 3d 218, 223, citing Ill. Rev. Stat. 1985, ch. 38, par. 122—3.) The court went on to state:

"[T]he first time an indigent petitioner has an opportunity to discuss his constitutional claims with an attorney is on appeal from the dismissal from his post-conviction petition. However, as counsel cannot supplement the *pro se* petition with possibly meritorious claims, review is therefore limited to the claims raised in the indigent petitioner's poorly drafted petition. We believe that this procedure renders a defendant's right to an appeal a meaningless exercise for appellate counsel and for the reviewing courts. Thus, to assure meaningful review of the indigent defendant's appeal, counsel should be appointed to represent the defendant who is indigent and desires counsel at the trial level." 145 Ill. App. 3d 218, 223.

We find that both of defendant's arguments are without merit. Our appellate court has uniformly rejected both of these contentions until the recent *Mason* decision. The *Mason* court is the only court to have found section 122—2.1 to be unconstitutional. That decision runs

contrary to a singular line of cases which have consistently upheld section 122—2.1. (*People v. Price* (1986), 144 Ill. App. 3d 949; *People v. Cooper* (1986), 142 Ill. App. 3d 223; *People v. Brown* (1986), 142 Ill. App. 3d 139; *People v. Porter* (1986), 141 Ill. App. 3d 208; *People v. Swearingen* (1986), 140 Ill. App. 3d 93; *People v. Ross* (1985), 139 Ill. App. 3d 674; *People v. Baker* (1985), 138 Ill. App. 3d 638; *People v. Alexander* (1985), 136 Ill. App. 3d 1047; *People v. Baugh* (1985), 132 Ill. App. 3d 713, *appeal denied* (1985), 108 Ill. 2d 574.) Each of these cases has confronted our court with the same contention presented by defendant and addressed in *Mason*. Each court has rejected the challenge of unconstitutionality. For the reasons that follow, we hold that section 122—2.1 is constitutional, and we adopt the case law which has flowed from *People v. Baugh* (1985), 132 Ill. App. 3d 713, *appeal denied* (1985), 108 Ill. 2d 574.

We first note that section 122—2.1 deals with post-conviction procedure at the trial level, while Rule 651(c) concerns appellate procedure. (*People v. Baugh* (1985), 132 Ill. App. 3d 713, 715.) Therefore, no conflict exists. As was stated in *Baugh*, the exclusive power of the supreme court to make rules regarding appeals has not been usurped by the legislature here, as it is entitled to enact laws governing judicial practice so long as they do not unduly infringe upon the judiciary's inherent powers. (132 Ill. App. 3d 713, 715.) The constitutional right to counsel, which is absolute at trial, has not been found to apply to post-conviction proceedings. (*Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715.) The *Baugh* court concluded, and we agree, that " 'the right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by the legislature at will.' " (*People v. Baugh* (1985), 132 Ill. App. 3d 713, 716, quoting *People v. Ward* (1984), 124 Ill. App. 3d 974, 978.) Finally, we note that section 122—2.1 does not deny counsel to indigents wishing to institute post-conviction proceedings, but only screens out, at an early stage, cases which have absolutely no merit to them. Should a petition be found to have merit, counsel would then be appointed pursuant to section 122—4. See *People v. Baugh* (1985), 132 Ill. App. 3d 713, 716.

■ Concerning defendant's due process argument, we again find *Baugh* persuasive, and we conclude that section 122—2.1 does not deprive an indigent petitioner from pursuing a meritorious post-conviction petition. The *Baugh* court elaborated:

"While it is obvious that counsel should be better able to more artfully draft a petition than an indigent petitioner unschooled in legal drafting, it is certainly not clear that an indigent peti-

tioner could not present the gist of his claim so that the trial court could make an initial determination as to whether or not the claim is frivolous." 132 Ill. App. 3d 713, 717.

Further, the United States Supreme Court has indicated approval of legislation whereby an indigent petitioner seeking post-conviction relief must prepare his petition without the assistance of a court-appointed attorney in the Federal courts. The practice of the Federal courts has been to appoint counsel in post-conviction proceedings only after the petition has been examined by the judiciary to determine whether the evidentiary hearing is necessary. *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; see also *Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747.

For the reasons set forth above, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

NASH and REINHARD, JJ., concur.