THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM A. BAUGH, SR., Defendant-Appellant.

Fourth District   No. 4—84—0727

Opinion filed April 24, 1985.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

After conviction in the circuit court of Macon County for felony theft and the loss of his appeal of that conviction, William Baugh, petitioner, filed a *pro se* post-conviction petition in that court on February 22, 1984. At the same time he filed a request for appointment of counsel. The trial court dismissed the petition as without merit pursuant to section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill.

Rev. Stat., 1984 Supp., ch. 38, par. 122—2.1). The petitioner then filed two successive *pro se* post-conviction petitions with concurrent requests for appointment of counsel, and each of these petitions was also dismissed for lack of merit and without the appointment of counsel. Petitioner appeals from the dismissal of the third petition on September 19, 1984, claiming that section 122—2.1 is unconstitutional because it allows the dismissal of post-conviction petitions which are deemed to be without merit prior to the appointment of counsel. We find petitioner's constitutional challenge to section 122—2.1 to be without merit.

Petitioner has put forth three grounds in support of his contention that section 122—2.1 is unconstitutional: (1) This section conflicts with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)), therefore violating the doctrine of separation of powers; (2) providing, as a matter of right, counsel for indigents who take direct appeals from convictions but refusing appointment for those seeking post-conviction relief when the trial court finds their petition to be "frivolous or without merit" violates the doctrine of equal protection; and (3) denying counsel to indigent post-conviction petitioners violates due process guarantees of both the State and Federal constitutions.

The State maintains that the petitioner has waived the issue of the constitutionality of section 122—2.1 by failing to raise it in his amended petitions for post-conviction relief. Because we do not find petitioner's arguments that the statute is unconstitutional to be persuasive, we need not decide whether the issue is waived.

■■ In support of his contention that section 122—2.1 violates the doctrine of separation of powers, petitioner points out that Rule 651(c) provides that counsel shall be provided for an indigent petitioner who appeals a denial of his post-conviction petition, while section 122—2.1 permits the trial court to dismiss certain petitions summarily prior to the appointment of counsel. No conflict exists. Section 122—2.1 deals with post-conviction procedure at the trial level, while Rule 651(c) concerns appellate procedure. The exclusive power of the supreme court to make rules regarding appeals (*People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495) has not been usurped by the legislature here, as it is entitled to enact laws governing judicial practice so long as they do not unduly infringe upon the judiciary's inherent powers. *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 105 N.E.2d 713.

The constitutional right to counsel, which is absolute at trial, has not been found to apply to post-conviction proceedings. (*Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715.)

Indeed, this court has stated in reference to section 122—2.1 that "the right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by the legislature at will." *People v. Ward* (1984), 124 Ill. App. 3d 974, 978, 464 N.E.2d 1144, 1147.

■ Section 122—2.1 does not operate to deny counsel to indigents wishing to institute post-conviction proceedings. Instead, it is an attempt to screen out the cases that have no merit to them at an early stage, and the requirement in subsection (a) that the trial court make a written order setting forth its findings in dismissing the petition produces a record for the counsel provided in Rule 651 to use to appeal the dismissal. If a petition is found to have merit under section 122—2.1, counsel will be appointed pursuant to section 122—4. We do not find this to be an instance of the legislature infringing upon the powers of the judiciary.

■ Petitioner next contends that the furnishing of counsel to indigents on their first direct appeal pursuant to Supreme Court Rule 607(a) (87 Ill. 2d R. 607(a)) but the refusal to appoint counsel until after a decision on the merits of a post-conviction petition is a violation of the doctrine of equal protection. Petitioner contends that the post-conviction petition is analogous to a first direct appeal in that it is the first time that issues outside of the record may be put forward for consideration. We find, however, that the two situations are not analogous and that there is a rational basis for treating the two situations differently.

A direct appeal is the next stage after a trial where the State, and not the defendant, has the burden of proof. The fundamental right to counsel extends into the appellate procedure where the defendant contends that there was error in the record on the part of the State or the court which resulted in his conviction.

A post-conviction petition, on the other hand, involves the defendant-petitioner introducing collateral matters which he then claims make his conviction invalid. The petitioner, and not the State, has the burden of proof. Counsel on behalf of petitioner would now become a sword against the State rather than a shield from it. The post-conviction process usually does not even begin until the petitioner has had his trial and appeal as of right, both with the aid of court-appointed counsel if he is indigent. The different treatment of indigents involved here is free from distinctions which are without reason. (See *Ross v. Moffitt* (1974), 417 U.S. 600, 612, 41 L. Ed. 2d 341, 352, 94 S. Ct. 2437, 2444-45.) We find no deprivation of equal protection.

■ The final contention of petitioner is that section 122—2.1 vio-

lates the doctrine of due process. Petitioner cites the cases of *People v. Hawkins* (1970), 44 Ill. 2d 296, 255 N.E.2d 456, and *People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566, which discuss the kind of help required of appointed counsel in post-conviction proceedings where *pro se* petitions are filed by those with a "meager" knowledge of the law. Both of these cases deal with the adequacy of counsel once counsel has been appointed and not with the necessity of appointing counsel in order for the trial court to make a determination as to whether the petition has merit.

The United States Supreme Court has indicated in *Rodriquez* approval of legislation whereby an indigent petitioner must prepare his petition for post-conviction relief without the benefit of counsel in the Federal courts. Section 122–2.1 parallels the Federal *habeas corpus* procedures which provide that the court may appoint counsel if petitioner is indigent but may also dismiss the petition if it is found to be frivolous or malicious. (28 U.S.C. sec. 1915(d) (1966).) In fact, the practice in the Federal courts is to appoint counsel in post-conviction proceedings only after the petition for post-conviction relief passes initial judicial scrutiny to determine if an evidentiary hearing is necessary. *Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747.

The State is not depriving an indigent petitioner of pursuing a meritorious post-conviction petition by providing in section 122–2.1 that the trial court make a determination that a claim has merit before appointing counsel. In fact, section 122–2.1 simply provides that all post-conviction petitions filed shall be reviewed for merit before proceeding to the stage requiring receipt of proof. While it is obvious that counsel should be better able to more artfully draft a petition than an indigent petitioner unschooled in legal drafting, it is certainly not clear that an indigent petitioner could not present the gist of his claim so that the trial court could make an initial determination as to whether or not the claim is frivolous. An indigent petitioner is not deprived of post-conviction relief. We do not find a denial of due process by the operation of section 122–2.1.

For the foregoing reasons, we find that petitioner's arguments do not overcome the strong presumption that a legislative enactment is constitutional. (*People v. Gurell* (1983), 98 Ill. 2d 194, 456 N.E.2d 18.) Accordingly, we affirm.

Affirmed.

WEBBER and McCULLOUGH, JJ., concur.