THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AARON PORTER, Defendant-Appellant.

First District (1st Division)   No. 84—1800

Opinion filed February 18, 1986.

Steven Clark and Barbara Kamm, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Peter D. Fischer, and Gustavo Munoz, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant, convicted by a jury of attempted murder, two counts of aggravated battery and armed violence (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 12—4(a), 12—4(b)(1), 33A—2), was sentenced to two concurrent 20-year terms of imprisonment for attempted murder and armed violence. Pursuant to Supreme Court Rule 23 (87 Ill. 2d R. 23) his convictions were affirmed (*People v. Goodman (Porter)* (1982), 108 Ill. App. 3d 1209) after this court granted leave to the Cook County public defender to withdraw as counsel on appeal pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396.

On July 12, 1984, defendant *pro se* filed a petition for post-conviction relief, claiming: misidentification by the complaining witness; improper jury instructions on murder were given; a *Bruton* violation (*Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620); prosecutorial misconduct; and ineffective assistance of appellate counsel. In addition, he filed an affidavit *in forma pauperis* and requested that counsel be appointed to represent him on his petition.

On June 19, 1984, the following proceedings took place in the circuit court:

"THE CLERK: Aaron Porter.

THE COURT: This is a P.C. also. And what the Court will do is to ask the Public Defender to take a look at this P.C. The Court will pass this matter at this time.

(WHEREUPON, further proceedings in the above-entitled cause were passed, the regular call was heard, after which the following proceedings in the above-entitled cause were had, to-wit:)

THE CLERK: Aaron Porter and Donald Price.

THE COURT: All right. The Post Conviction Petitions of Aaron Porter and Donald Price will be dismissed."

The memorandum of court orders (half-sheet) stated that on June 19, 1984, the parties were present and the post-conviction petition was dismissed. No mention appears in the record of any participation by the public defender in the proceedings.

## I

Defendant contends first that he was denied the effective assistance of counsel on his post-conviction petition. He had requested and was appointed counsel, who did not comply with the provisions of Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)) in that no showing was made in the post-conviction petition that the attorney had consulted with defendant either by mail or in person to ascertain his contentions of deprivation of constitutional rights, nor had he examined the record of the proceedings at the trial or made any amendments to the petitions filed *pro se* that may have been necessary for an adequate presentation of defendant's contentions.

Section 122—2.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—2.1(a)) (Code) provides in relevant part that the court shall examine the petition within 30 days of its filing and docketing. If the court finds the petition to be frivolous or patently without merit, the court shall dismiss the petition in a

written order, specifying the findings of fact and conclusions of law it made in reaching its decision. The court will appoint counsel to represent defendant only when a petition is not dismissed pursuant to section 122—2.1.

■ Nothing in the record reveals that the circuit court appointed the public defender to represent defendant, nor that the public defender in fact examined defendant's petition. There is no showing that he participated in the court proceedings in any way. Nor did he identify himself on record as attorney for defendant. Counsel's silence at the hearing is not indicative of his failure to represent defendant effectively, as defendant contends; rather, his lack of interaction is attributable only to the fact that he was never appointed by the court to represent defendant, and that under the provisions of the Code the circuit court dismissed defendant's petition after determining that it was frivolous. Under these circumstances, a claim of ineffective assistance of counsel is without foundation.

## II

■ Defendant next contends that the circuit court erred in summarily dismissing his post-conviction petition which alleged the denial of his constitutional right to the effective assistance of appellate counsel and that the court erred in failing to enter a written order specifying the findings of fact and conclusions of law for the dismissal as is required by section 122—2.1.

Appointed counsel is not obliged to brief every conceivable issue on appeal; it is not incompetence for counsel to refrain from raising those issues which, in his judgment, are without merit unless his appraisal of the merits is patently wrong. (*People v. Barnard* (1984), 104 Ill. 2d 218, 231, 470 N.E.2d 1005; *People v. Frank* (1971), 48 Ill. 2d 500, 505, 272 N.E.2d 25.) Here, defendant's appointed appellate counsel found, upon review of the trial record, that there were no arguable issues present and, pursuant to *Anders v. California* (1967), 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396, sought to withdraw as counsel. He filed a brief in support of that motion, serving copies thereof upon defendant who then responded and raised additional points in support of his appeal. After review of the record, counsel's brief and defendant's own arguments, this court in the initial appeal found no issues of arguable merit and allowed the motion.

Implicit in our previous finding that no arguable issues were present in defendant's appeal was the conclusion that an appeal would have been frivolous and that defendant's appellate counsel properly declined to appeal defendant's case. The circuit court correctly con-

cluded from the foregoing facts that defendant's claim of ineffective assistance of counsel on appeal was without merit.

Defendant insists that the circuit court erred in failing to enter a written order specifying its findings of fact and conclusions of law for the dismissal of his petition in compliance with section 122—2.1 of the Code which provides, in relevant part, that "[i]f the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." Ill. Rev. Stat., 1983 Supp., ch. 38, par. 122—2.1(a).

Generally, the word "shall" is indicative of a mandatory legislative intent; however, a statute may be interpreted as permissive, depending upon the context in which it is found and upon discernible statutory purposes. (*People v. Singleton* (1984), 103 Ill. 2d 339, 469 N.E.2d 200.) In *People v. Davis* (1982), 93 Ill. 2d 155, 162, 442 N.E.2d 855, our supreme court addressed the issue of whether a statute (Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—1(c)), providing that the trial court "shall" specify its reasons for imposing a particular sentence, established a mandatory requirement upon the trial court to do so. The supreme court found that, since the pronouncement of sentence was at the heart of the judicial function, the legislature was without authority to attempt to dictate to the circuit court the actual contents of its pronouncement. The supreme court noted that constitutional principles weighed in favor of interpretations for statutes which give directions to the courts as permissive where the principles of separation of powers required an unrestrained exercise of judicial discretion. See *People v. Hicks* (1984), 101 Ill. 2d 366, 462 N.E.2d 473; *People v. Flores* (1984), 104 Ill. 2d 40, 470 N.E.2d 307.

In the instant case, to interpret section 122—2.1(a) of the Code as mandatory would unconstitutionally intrude upon the circuit court's exercise of its judicial discretion, dictating to that court the requisite contents of its pronouncement. The intent of the legislature cannot be read so as to require the court to issue a written order setting forth its findings of fact and conclusions of law for every postconviction petition received, no matter how frivolous. (*People v. Cox* (1985), 136 Ill. App. 3d 623, 627-28, 483 N.E.2d 422.) The Code instead, must be construed as permissive, rather than mandatory, and directory in nature. It was within the circuit court's discretion, therefore, not to enter written reasons in coming to its determination in the present case. *People v. Cox* (1985), 136 Ill. App. 3d 623, 483 N.E.2d 422.

### III

■ Defendant's next contention is that section 122—2.1 of the Code, which allows for the dismissal of petitions deemed to be frivolous without benefit of counsel, conflicts with Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)), which requires that counsel be appointed, and thus the statute is unconstitutional as a violation of the doctrine of separation of powers.

Section 122—2.1 requires a court to examine the post-conviction petition that has been submitted and, if the court determines that the petition is frivolous or is patently without merit, it need not appoint counsel, but will dismiss such petition. Supreme Court Rule 651(c) provides that when an indigent petitioner files a notice of appeal in a post-conviction proceeding, the court shall order a transcript of the post-conviction proceedings to be prepared and shall appoint counsel on appeal. These two provisions deal with appointment of counsel for indigent petitions at different stages of the post-conviction proceedings. In *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, *appeal denied* (1985), 108 Ill. 2d 574, the appellate court so found. Section 122—2.1, intended to govern post-conviction proceedings at the trial level, allows circuit courts to dismiss frivolous post-conviction petitions prior to appointing counsel. In contrast, Rule 651(c) provides for the appointment of counsel in post-conviction matters in the appellate court. The Illinois Supreme Court did not intend to create a separate right to counsel at the trial court level, independent of the Code. Rather, Rule 651(c) requires a petitioner's trial counsel to examine the record, consult with petitioner and file a certificate of compliance as implementation of court decisions with respect to the responsibilities of an attorney representing an indigent prisoner in a post-conviction proceeding. (87 Ill. 2d R. 651(c), Committee Comments.) Once counsel has been appointed pursuant to the provisions of the Code, Rule 651(c) prescribes the duties of counsel in representing the indigent petitioner at trial.

Defendant urges that section 122—2.1 is unconstitutional because it violates the doctrine of separation of powers between the legislative and judicial branches by attempting to regulate the procedures of the courts in the administration of judicial business, in conflict with Rule 651(c). The legislature has the power to enact laws governing judicial practices which do not unduly infringe upon the inherent powers of the judiciary or conflict with a Supreme Court Rule. (*People v. Youngbey* (1980), 82 Ill. 2d 556, 413 N.E.2d 416; *People v. Baugh* (1983), 132 Ill. App. 3d 713, 477 N.E.2d 724, *appeal denied* (1985), 108 Ill. 2d 574.) Recently, in *People v. Ward* (1984), 124 Ill. App. 3d

974, 464 N.E.2d 1144, the right to counsel at post-conviction proceedings was described as a matter of legislative grace which may be altered by the legislature at will. In *People v. Jones* (1984), 129 Ill. App. 3d 368, 472 N.E.2d 818, this court noted that appointment of counsel at the trial stage of post-conviction proceedings was no longer mandatory because of newly enacted section 122—2.1.

Defendant's reliance upon *Commonwealth v. Bostic* (1977), 251 Pa. Super. 224, 380 A.2d 459, is misplaced. In *Bostic*, defendant appealed from the dismissal of his post-conviction petition without a hearing and without appointed counsel to represent him. The Pennsylvania post-conviction statute provided in relevant part that if the petition alleged that defendant was unable to procure counsel and if the court determined that a hearing on the petition was required, the court should appoint counsel. (19 Pa. Cons. Stat. sec. 1180—1 *et seq.* (Supp. 1974)). The statute also provided that if the petitioner's claim was patently frivolous, no counsel would be appointed. Pennsylvania's rules of criminal procedure, however, required that when a petitioner is unable to procure counsel, the court must appoint counsel to represent him. (Pa. R. Crim. P. 1503.) In resolving the direct conflict between the statutory provision and the rule, the court in *Bostic* found that the rule prevailed and a petitioner who requested counsel was to be so provided.

Under Pennsylvania's rule, then, there can be no summary dismissal of a post-conviction petition without appointment of counsel, even when the petitioner's claim is frivolous and patently without merit. Unlike the Pennsylvania rule, our own Supreme Court Rule 651(c) (87 Ill. 2d R. 651(c)) provides only for the appointment of appellate counsel; it makes no reference to an indigent petitioner's right to the mandatory appointment of counsel at the trial level of a post-conviction proceeding. Since the court rules of Illinois and Pennsylvania are dissimilar and reflect differing policies on the issue of appointment of counsel where a post-conviction petition is patently frivolous, we decline to follow *Bostic*.

### IV

■ Section 122—2.1 of the Code is next claimed by defendant to violate the doctrine of equal protection because first-time direct appellants are provided with counsel but first-time post-conviction petitioners are not. Also, defendant's equal protection rights are claimed to be violated because indigent post-conviction petitioners do not have the same advantages as counseled nonindigent post-conviction petitioners.

When deprivation of equal protection is raised, the analysis to be made is whether there is a disparity in treatment between classes of individuals whose situations are arguably indistinguishable. (*Ross v. Moffitt* (1974), 417 U.S. 600, 41 L. Ed. 2d 341, 94 S. Ct. 2437.) Contrary to defendant's claims, those parties pursuing post-conviction remedies and those seeking a direct appeal are not similarly situated. A direct appellant must initially submit a brief including facts, legal argument and citation to legal authority; because of these requirements our supreme court has required that all direct appellants must receive the benefit of counsel. (87 Ill. 2d R. 607(a).) In contrast, a post-conviction petitioner must submit only a petition setting forth such facts as indicate a denial of his constitutional rights, showing only that his petition is not frivolous or patently without merit. A petitioner is reasonably expected to be familiar with the events which give rise to the claimed infringement of his rights and to be able to restate them in a petition to the court. Once the petitioner meets this minimal standard, he may qualify as an indigent and receive court-appointed counsel.

In *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, *appeal denied* (1985), 108 Ill. 2d 574, the appellate court found no deprivation of a petitioner's right to equal protection at a post-conviction proceeding when the court refused to appoint counsel until after a decision on the merits of his petition. The court reasoned that the situations of such a petitioner and of a direct appellant were not analogous because a post-conviction petitioner has the burden of proof in introducing evidence that his conviction is invalid, and in a post-conviction proceeding, counsel for petitioner would become a "sword against the State rather than a shield from it." (132 Ill. App. 3d 713, 716, 477 N.E.2d 724, *appeal denied* (1985), 108 Ill. 2d 574.) The court also noted that the post-conviction process usually does not begin until the indigent petitioner has had his trial and direct appeal as of right, both with the aid of court-appointed counsel. Further, the United States Supreme Court has found no fundamental right to counsel for collateral attacks upon indigents' convictions. (*Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747.) State prisoners attempting a Federal collateral attack on their criminal convictions have no right to counsel to assist them in preparing their initial Federal *habeas corpus* petition.

The equal-protection doctrine is also claimed to have been violated because indigent post-conviction petitioners do not have the same advantages as counseled nonindigent petitioners. Section 122—2.1 of the

Code does not operate to the disadvantage of a suspect class or infringe upon a fundamental right; it need simply bear a rational relationship to a legitimate State interest. (*Dandridge v. Williams* (1970), 397 U.S. 471, 25 L. Ed. 2d 491, 90 S. Ct. 1153; *Illinois Housing Development Authority v. Van Meter* (1980), 82 Ill. 2d 116, 412 N.E.2d 151.) Here, section 122—2.1 of the Code, allowing a court to dismiss frivolous post-conviction petitions without the appointment of counsel to the petitioners, is rationally related to the legitimate State interest of conserving the resources of appointed counsel for those petitioners who present some evidence of a substantial constitutional infringement. There is, therefore, no deprivation of equal protection here.

## V

■ Defendant's final contention is that section 122—2.1 violates due process by denying counsel to indigent post-conviction petitioners.

The United States Supreme Court in *Ross v. Moffitt* (1974), 417 U.S. 600, 41 L. Ed. 2d 341, 94 S. Ct. 2437, held that due process does not require a State to provide a defendant with counsel on discretionary appeals. The court commented that the fact that an appeal has been provided does not automatically mean that the State then acts unfairly by refusing to provide counsel to indigent defendants at every stage of appellate review. In *Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715, the Supreme Court indicated approval of legislation whereby an indigent petitioner seeking post-conviction relief must prepare his petition without the benefit of counsel in the Federal courts. The practice in the Federal courts has been to appoint counsel in post-conviction proceedings only after the petition for post-conviction relief passes initial scrutiny to determine whether the evidentiary hearing is necessary. *Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747. Accord, *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724, *appeal denied* (1985), 108 Ill. 2d 574.

Defendant has not overcome the strong presumption that section 122—2.1 is constitutional. To the contrary, indigent petitioners are clearly presented with sufficient opportunity to raise their claims of constitutional deprivations under section 122—2.1.

For the reasons set forth above, we affirm the judgment of the circuit court of Cook County.

Affirmed.

STAMOS and SCARIANO, JJ., concur.