THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALLAN A. HARRIS, Defendant-Appellant.

First District (4th Division)   No. 85—2409

Opinion filed November 26, 1986.

Sheila M. Murphy, of The Murphy Law Firm, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Peter D. Fischer, and Jane H. Miller, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE LINN delivered the opinion of the court:
Defendant, Allan A. Harris, was convicted of murder and was

sentenced to a term of 35 years' incarceration. His conviction was affirmed on direct appeal by an order entered pursuant to Supreme Court Rule 23. (*People v. Harris* (1983), 112 Ill. App. 3d 1159.) There, he contended that the trial court abused its discretion in imposing the sentence and that the mittimus must be corrected. Subsequently, he filed two *pro se* petitions for post-conviction relief in which he claimed that he was denied his constitutional rights because at the time of the crime he was mentally ill but did not know it, that he was denied effective assistance of counsel, and that the trial court erroneously vouched for counsel's competency. His petitions were dismissed upon the State's motion without an evidentiary hearing. On appeal, he asserts that the trial court improperly dismissed his petitions without appointing counsel to examine and amend them if necessary.

OPINION

■■■ A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right but only where he makes a substantial showing of a constitutional violation. (*People v. Gaines* (1984), 105 Ill. 2d 79, 91, 473 N.E.2d 868.) To require an evidentiary hearing, the petition must be based on clear factual allegations and not on mere conclusory statements. (*People v. Cihlar* (1984), 125 Ill. App. 3d 204, 208, 465 N.E.2d 265.) Denial of an evidentiary hearing on a post-conviction petition is discretionary with the trial court, and its decision will not be reversed absent an abuse of discretion. (*People v. Hanrahan* (1985), 132 Ill. App. 3d 640, 641, 478 N.E.2d 31.) It is well settled that where a person has taken an appeal from the judgment of the conviction on a complete record, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court and all issues which could have been presented to the reviewing court, if not asserted, are waived. *People v. Jones* (1985), 109 Ill. 2d 19, 23, 485 N.E.2d 363.

An examination of the record reveals that defendant, in his petitions, alleged that trial counsel was ineffective because he failed to raise an insanity defense or call certain witnesses. Nevertheless, the Rule 23 order affirming defendant's conviction on direct appeal indicated that the trial court heard testimony from an expert witness regarding defendant's sanity at the time of the offense and found defendant to have been sane. Further, we note that defendant in his *pro se* pleadings failed to identify the witnesses he claims trial counsel allegedly neglected to secure or to indicate what their purported testimony would be. Additionally, defendant did not challenge the competency of trial counsel on direct appeal or argue that the trial court improperly vouched for counsel's competency.

■ Notwithstanding, we believe that it was improper for the trial court to deny defendant's request to appoint counsel to examine the *pro se* post-conviction petition. Such an appointment would have permitted defendant an adequate opportunity to present his claims fairly in the context of the appellate process. Although we are aware that other courts of review have rejected this position under the summary dismissal procedure in the post-conviction statute (see *People v. Ross* (1985), 139 Ill. App. 3d 674, 487 N.E.2d 1137; *People v. Porter* (1986), 141 Ill. App. 3d 208, 490 N.E.2d 47, *appeal allowed* (1986), 112 Ill. 2d 589; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724; *People v. Price* (1986), 144 Ill. App. 3d 949, 495 N.E.2d 517), we shall follow *People v. Mason* (1986), 145 Ill. App. 3d 218, 494 N.E.2d 1176, *appeal allowed* (1986), 112 Ill. 2d 587, which we believe reflects the better point of view. See also *People v. Williams* (1986), 146 Ill. App. 3d 139, 496 N.E.2d 1031, and *People v. Wilson* (1986), 146 Ill. App. 3d 567.

Accordingly, the judgment of the circuit court of Cook County is reversed and the matter is remanded for further proceedings consistent with this opinion.

Judgment reversed and remanded.

JOHNSON and McMORROW, JJ., concur.