THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT JONES, Petitioner-Appellant.

First District (2nd Division)   No. 85—2154

Opinion filed April 12, 1988.

Steven Clark and Jeffrey Walker, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., John A. Gasiorowski, and Sharon K. Bachert-Bedford, Assistant State's Attorneys, of counsel), for the People.

JUSTICE SCARIANO delivered the opinion of the court:

Following his conviction for murder, an appeal affirming that conviction, and an appeal reversing the dismissal of his post-conviction petition and remanding it for further proceedings, petitioner filed an amended post-conviction petition alleging ineffective assistance of trial counsel and prosecutorial misconduct at trial. When the petitioner came before the trial court in June 1985, the court did not appoint counsel to represent Jones but rather reviewed the petition to decide whether the appointment of counsel was necessary. The next day, the trial court dismissed Jones' petition, stating that it was insufficient to support any post-conviction relief. He appeals, raising the following issues: (1) whether section 122—2.1 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)), which authorizes the dismissal of post-conviction petitions that are deemed frivolous or without merit without appointment of counsel, is violative of petitioner's right to due process and equal protection; (2) whether petitioner was denied his due process and equal protection rights by the trial court's refusal to provide him with a transcript of his trial; (3) whether section 122—2.1(a) of the Post-Conviction Hearing Act is

invalid because section 122—8 of that act has been declared unconstitutional; (4) whether that portion of section 122—2.1 requiring the trial judge to specify his reasons for dismissing a petition in a written order is directory or mandatory in nature; (5) whether that portion of section 122—2.1 requiring the trial judge to pass upon the merits of a petition within 30 days is directory or mandatory in nature; (6) whether the trial court's dismissal of Jones' petition was improper because he was neither present nor represented at the hearing at which this ruling was made, but an assistant State's Attorney was present; (7) whether the trial court properly exercised its discretion in dismissing Jones' post-conviction petition as frivolous.

In August 1978 petitioner was convicted of the murders of Samuel and Campbell Thompson and sentenced to 100 to 300 years in the Illinois Department of Corrections. This conviction was upheld in *People v. Jones* (1980), 84 Ill. App. 3d 896, 406 N.E.2d 112.

In February 1982 Jones filed a post-conviction petition, which was dismissed by the trial court in August 1983. However, on appeal in November 1984 the dismissal of this petition was reversed and his case remanded for further proceedings because he had received ineffective assistance of counsel at the post-conviction proceeding. (*People v. Jones* (1984), 129 Ill. App. 3d 368, 472 N.E.2d 818.) (At the time of that appeal section 122—4 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1983, ch. 38, par. 122—4) provided for the appointment of counsel in a post-conviction proceeding if an indigent petitioner so requested.)

At his second post-conviction proceeding, Jones filed an amended petition alleging the following:

"(a) Petitioner was denied the effective assistance of appointed trial counsel due to inadequate defense investigation of and failure to have an independent ballistic test conducted regarding a .38 revolver alleged to have been the murder weapon and with the result that had this been done, the jury's verdicts [*sic*] would have been different;

(b) Petitioner was denied the effective assistance of appointed trial counsel due to inadequate defense investigation of and failure to subpoena a person or persons having exculpatory evidence, all to the undue prejudice of the Petitioner herein and with the result that had this been done, the jury's verdict would probably have been different;

(c) Petitioner was denied the effective assistance of appointed trial counsel due to his failure to permit Petitioner to testify in his own defense and with the result that had Peti-

tioner been permitted to testify in his own defense, the jury's verdict would probably have been different; .

(d) Petitioner was denied the effective assistance of appointed trial counsel due to his failure to compel the Prosecutor to fully respond to defense pre-trial discovery requests concerning police street files; and

(e) Petitioner was denied a fair trial due to prosecutorial misconduct consisting of suppression of defense-favorable evidence by the Prosecutor's deliberate and calculated failure to fully comply with Petitioner's pre-trial discovery requests which, if complied with by the Prosecutor, would have yielded defense-favorable evidence which would probably have changed the verdicts if brought to the attention of the jury."

In his amended petition, Jones also requested that counsel be appointed to represent him and he also requested a transcript of the trial proceedings. When the petition came before the trial court on June 13, 1985, the judge did not appoint counsel to represent Jones but rather continued the matter to the next day, in order to review the petition before ruling on it. On the next day the trial court dismissed Jones' petition as frivolous and without merit, pursuant to section 122—2.1(a) (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a)). Although an assistant State's Attorney was present when the trial court ruled, petitioner was neither present nor represented. Jones appeals from the dismissal of his post-conviction petition.

OPINION

Several substantial amendments to the Post-Conviction Hearing Act (the Act) were adopted by the Illinois legislature in 1983. Prior to those amendments, the following procedures were established for the filing and adjudication of a post-conviction petition. A proceeding was commenced by filing a post-conviction petition with the clerk of the court in which the conviction took place, whose responsibility it was to bring the petition "promptly to the attention of the court." (Ill. Rev. Stat. 1983, ch. 38, par. 122—1.) Any claim not raised in the original or in an amended petition was waived. (Ill. Rev. Stat. 1983, ch. 38, par. 122—3.) The court had authority to appoint counsel to represent the petitioner as well as to provide a transcript of the trial proceedings if an indigent petitioner so requested. (Ill. Rev. Stat. 1983, ch. 38, par. 122—4.) Once the petition was filed and docketed, the State had 30 days in which to answer the petition or move to dismiss it. (Ill. Rev. Stat. 1983, ch. 38, par. 122—5.) If the trial court denied the State's motion to dismiss, the State was then required to answer

the petition within 30 days. (Ill. Rev. Stat. 1983, ch. 38, par. 122—5.) Thereafter the court could take the matter under advisement, based on the record before it, or hold an evidentiary hearing to resolve factual matters in dispute between the parties. Ill. Rev. Stat. 1983, ch. 38, par. 122—6.

The 1983 amendments changed this procedure in several ways, most significantly by the addition of section 122—2.1, which established a new procedure whereby a court is obligated to make an initial determination of whether the petition is frivolous or patently without merit. That section provides as follows:

"(a) Within 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section. If the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.

(b) If the petition is not dismissed pursuant to this Section, the court shall order the petition to be docketed for further consideration in accordance with Sections 122—4 through 122—6.

(c) In considering a petition pursuant to this Section, the court may examine the court file of the proceeding in which the petitioner was convicted, any action taken by an appellate court in such proceeding and any transcripts of such proceedings." (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1.)

The court may appoint counsel to represent an indigent petitioner or provide a transcript only after the court has initially reviewed the petition and has not dismissed it on the ground of frivolity or as patently without merit. (Ill. Rev. Stat. 1985, ch. 38, par. 122—4.) The State is permitted to answer or move to dismiss the petition within 30 days after the court's "making of an order pursuant to *** Section 122—2.1" that the petition is not frivolous or patently without merit. Ill. Rev. Stat. 1985, ch. 38, par. 122—5.

I

Petitioner contends that section 122—2.1 is unconstitutional because (a) it conflicts with Supreme Court Rule 651(c) (107 Ill. 2d R. 651(c)); (b) it violates his due process rights by denying him meaningful access to the courts; and (c) it violates his right to equal protection by treating indigent post-conviction petitioners differently from both

nonindigent post-conviction petitioners and indigent direct appellants. Petitioner also argues that section 122-2.1 is unconstitutional due to the supreme court's invalidation of section 122—8, from which, he maintains, section 122—2.1 is not severable.

The Illinois Supreme Court recently addressed these arguments in *People v. Porter* (1987), 122 Ill. 2d 64, in which it upheld the constitutionality of section 122—2.1. That case consolidated three separate cases in which petitioners' post-conviction petitions were dismissed as "patently without merit" pursuant to section 122—2.1 (Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1) and without appointment of counsel.

The court first addressed the argument that section 122—2.1 conflicts with Supreme Court Rule 651(c) and thereby violates the separation of powers doctrine. Rule 651(c) provides as follows:

> "Upon the timely filing of a notice of appeal in a post-conviction proceeding, if the trial court determines that the petitioner is indigent, it shall order that a transcript of the record of the post-conviction proceedings, including a transcript of the evidence, if any, be prepared and filed with the clerk of the court to which the appeal is taken and shall appoint counsel on appeal, both without cost to the petitioner. The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitioners filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 107 Ill. 2d R. 651(c).

The supreme court held that there is no conflict between section 122—2.1 and Rule 651(c), stating that the provisions

> "provide for appointment of counsel at different stages of the post-conviction process. Section 122—2.1 concerns an indigent post-conviction petitioner's rights at the trial level and Rule 651(c) governs at the appellate level. [Citations.]
>
> *** We find no merit in defendants' argument that section 122—2.1 violates the separation of powers doctrine because no conflict exists between the Act and the rule, and the right to counsel at post-conviction proceedings, absent constitutional deprivations, is a matter of legislative grace." *Porter*, 122 Ill. 2d at 72-73.

See also *People v. Garvin* (1987), 152 Ill. App. 3d 438, 504 N.E.2d 948.

The .court then addressed possible "constitutional deprivations" and held that section 122—2.1 does not violate a petitioner's right to due process or equal protection. Jones contends that section 122—2.1 denies indigent petitioners meaningful and effective access to courts; however, the *Porter* court found this argument to be without merit. The court noted that in cases involving the Federal *habeas corpus* statute the United States Supreme Court has held that fundamental fairness does not require that counsel be appointed for post-conviction petitioners (*Rodriquez v. United States* (1969), 395 U.S. 327, 23 L. Ed. 2d 340, 89 S. Ct. 1715; *Johnson v. Avery* (1969), 393 U.S. 483, 21 L. Ed. 2d 718, 89 S. Ct. 747), and stated that there was no reason to interpret due process differently under Illinois and Federal law. The court was aware of the distinctions between section 122—2.1 and the Federal *habeas corpus* act, but stated that "[t]he Supreme Court's holding in *Johnson v. Avery* was not based on any peculiar provisions of the Federal *habeas corpus* act. The holding relates to both State and Federal proceedings." (*Porter*, 122 Ill. 2d at 75.) In holding that an indigent petitioner does have an adequate opportunity to present his constitutional claims, the *Porter* court also relied on the fact that a post-conviction petitioner need only set out allegations "demonstrating a meritorious constitutional claim," in order to proceed beyond the threshold requirement. *Porter*, 122 Ill. 2d at 74.

The court next discussed the contention that section 122—2.1 violates equal protection by treating similar groups, *i.e.*, indigent post-conviction petitioners, nonindigent post-conviction petitioners and indigent direct appellants, in disparate ways without a rational basis for the disparity. The *Porter* court rejected this argument, saying that there is no disparate treatment between indigent and nonindigent post-conviction petitioners, because all post-conviction petitioners must meet the threshold requirement before their petitions will be considered further. Additionally, the court held that there is a rational basis for treating post-conviction petitioners and direct appellants differently. *Porter*, 122 Ill. 2d at 78; see also *People v. Garvin* (1987), 152 Ill. App. 3d 438, 504 N.E.2d 948; *People v. Wilson* (1986), 146 Ill. App. 3d 567, 499 N.E.2d 972; *People v. Mason* (1986), 145 Ill. App. 3d 218, 494 N.E.2d 1176; *People v. Price* (1986), 144 Ill. App. 3d 949, 495 N.E.2d 517; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.

Petitioner also contends that it was a violation of his right to due process and equal protection for the trial court to rule on the frivolity of his petition before providing him with a transcript of his trial. The State responds that the right to a transcript is analogous to the right

to appointed counsel, and argues further that it is not a violation of petitioner's rights to either due process or equal protection to require him to meet a threshold requirement before he is provided with a transcript. The State also relies on the fact that a petitioner need only state some semblance of facts which amount to a constitutional violation to argue successfully that he does not need a transcript in order to meet such threshold requirement.

■ Additionally, petitioner maintains that section 122—4 conflicts with Supreme Court Rule 471, which provides as follows:

> "If a petition filed under the provisions of article 122 of the Code of Criminal Procedure of 1963, dealing with post-conviction hearings, alleges that the petitioner is unable to pay the costs of the proceeding, the trial court may order that the petitioner be permitted to proceed as a poor person and order a transcript of the proceedings resulting in the conviction delivered to petitioner in accordance with paragraph (b) of rule 607." (107 Ill. 2d R. 471.)

Section 122—4 provides that if a petition is not dismissed pursuant to section 122—2.1, the court may order that a transcript of the proceedings be given to an indigent petitioner. Section 122—4 also authorizes the appointment of counsel to represent an indigent petitioner; thus, by providing for the appointment of counsel and a transcript in the same statute, the legislature appears to have considered the two requests to be analogous. A reasonable reading of the rule allows the statute to exist with it without conflict. The supreme court has held that it is not a violation of petitioner's constitutional rights to provide him with counsel only after his petition has met the threshold requirement of section 122—2.1; therefore, it follows that petitioner must meet this threshold requirement before he is provided with a transcript.

Petitioner's final argument with regard to the constitutionality of section 122—2.1 has also been rejected by our supreme court. He argues that because section 122—8 of the Post-Conviction Hearing Act, which provided that a different judge hear a post-conviction petition than had presided at trial, has been declared unconstitutional by the Illinois Supreme Court (*People v. Joseph* (1986), 113 Ill. 2d 36, 495 N.E.2d 501), section 122—2.1 of that Act is also unconstitutional. Jones supports his argument by pointing out that section 122—8 was amendatorily vetoed by the Governor after it was initially passed by the General Assembly. Section 122—8 was then reenacted and became effective in November 1983. As discussed above, that section was voided in 1986. Petitioner contends that the amendatory veto striking

section 122—8, coupled with the General Assembly's reenactment of the section, evinces a legislative intent not to enact section 122—2.1 without section 122—8.

■ The test to determine whether two sections of a statute are severable is whether the legislative enactment remaining after the invalid portion is stricken is complete in itself and capable of being executed wholly independently of that which was rejected. The invalid portion of the statute does not render the entire statute unconstitutional unless it can be said that the General Assembly would not have enacted the statute without the invalid portion. *Porter*, 122 Ill. 2d at 79-80; see also *Garvin*, 152 Ill. App. 3d at 445; *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710.

Applying this test, the *Porter* court found that section 122—2.1 is separate, distinct, and capable of being executed wholly independently of section 122—8, and thus section 122—8 is not an indispensable component part of the statutory scheme. Additionally, the court noted that the legislative debates surrounding the amendment do not indicate that the General Assembly would not have passed the statute without section 122—8. *Porter*, 122 Ill. 2d at 80; see also *People v. Farmer* (1986), 148 Ill. App. 3d 723, 499 N.E.2d 710.

II

Petitioner next argues that the trial court's dismissal of his petition was improper because it failed to specify its reasons for dismissing his petition in a written order as required by section 122—2.1(a), which provides that "[i]f the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).

The supreme court considered and rejected this argument in *Porter*. The court first noted that whether a statutory provision is interpreted as mandatory or directory depends upon the intent of the drafters, acknowledging, however, that the word "shall" is generally indicative of a mandatory intent. The court went on to find that although it is advisable that the trial court state its reasons for dismissal, it is not mandatory.

> "[T]he use of the term 'shall' does not refer to the contents of the court's order of dismissal itself, but rather to the court's duty to dismiss a petition if it is frivolous or patently without merit. [Citations.] ***
> *** [A] mandatory interpretation of section 122—2.1 as to the entry of a written order and its contents would violate the

doctrine of separation of powers. [Citation.] Accordingly, the failure to specify the findings of fact and conclusions of law in the written order does not require reversal of the dismissal order." *Porter*, 122 Ill. 2d 82-83.

Petitioner also argues that the trial court's dismissal of his petition was improper because the court failed to comply with the 30-day time period provided in section 122—2.1(a). That statute provides that "[w]ithin 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section." Ill. Rev. Stat. 1985, ch. 38, par. 122—2.1(a).

The *Porter* court found that this language "clearly states that the court 'shall' examine post-conviction petitions and enter an order within 30 days after they have been filed," and concluded that the 30-day rule was intended to be mandatory. (*Porter*, 122 Ill. 2d at 83.) The court further held that noncompliance with the 30-day rule renders a dismissal void. In so holding, the court did not address the numerous appellate court cases which have held that the language with regard to the 30-day time period in section 122—2.1 is directory and permissive rather than mandatory, and that a dismissal would not be reversed on this ground absent a showing of prejudice arising from the delay. *People v. Garvin* (1987), 152 Ill. App. 3d 438, 504 N.E.2d 948; *People v. Wilson* (1986), 146 Ill. App. 3d 567, 499 N.E.2d 972; *People v. Lieberman* (1986), 149 Ill. App. 3d 1052, 501 N.E.2d 797; *People v. Churchill* (1985), 136 Ill. App. 3d 123, 482 N.E.2d 355.

■ Because Jones' post-conviction petition was not ruled upon within 30 days of its filing, the trial court's dismissal must be reversed and his case remanded to the trial court with directions to proceed according to sections 122—4 and 122—6 (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4, 122—6).

### III

Petitioner next contends that the trial court's dismissal of his petition should be reversed because an assistant State's Attorney was present when the trial judge ruled on the petition, but he was neither present nor represented. Jones relies on *People v. Alexander* (1985), 136 Ill. App. 3d 1047, 483 N.E.2d 1039, in support of his argument.

In *Alexander,* the State, the only party present when the judge ruled on Alexander's post-conviction petition, requested that it be dismissed. The appellate court reversed the dismissal of the petition, holding that the trial court erred in conducting an *ex parte* hearing.

"A reading of the relevant statutory provisions (Ill. Rev. Stat., 1984 Supp., ch. 38, pars. 122—2.1(a), (c)) leads to the inelucta-

ble conclusion that in providing for the dismissal of petitions which are frivolous or patently without merit prior to the appointment of counsel to represent the petitioner, it could not have been the legislative intent to sanction *ex parte* hearings of the type which were held in the case at bar prior to dismissal of Alexander's petition. Rather, at this preliminary stage of the proceedings, the trial judge alone must consider the petition in view of the relevant court files. The State is to have no input with regard to the circuit court decision at this stage of the proceedings. Even absent the above statutory provisions, we would nevertheless be constrained to hold that the hearings at issue were improper, for fundamental fairness and orderly procedure demand that both parties be permitted to participate, either in person or through counsel, at hearings related to petitions for post-conviction relief, even where the hearings are confined solely to legal arguments." 136 Ill. App. 3d at 1051-52.

■ Here, although a representative of the State was present when the judge ruled, the record indicates that he made no argument to the court and made no contribution with regard to the court's decision. There was no *ex parte* hearing in this case, as there was no hearing at all before the judge ruled. (See *People v. Roy* (1987), 151 Ill. App. 3d 940, 503 N.E.2d 835.) Petitioner was not prejudiced by the presence of an assistant State's Attorney when the judge read his ruling from the bench—a purely fortuitous circumstance at most.

■ Lastly, Jones argues that his post-conviction petition was not frivolous or patently without merit and should not have been dismissed. In order to survive dismissal at the preliminary stages of a post-conviction proceeding, a petition need only contain a statement which presents the gist of a meritorious constitutional claim. (*Porter*, 122 Ill. 2d at 72; *People v. Dredge* (1986), 148 Ill. App. 3d 911, 500 N.E.2d 445; *People v. Baugh* (1985), 132 Ill. App. 3d 713, 477 N.E.2d 724.) In his petition Jones alleged prosecutorial misconduct and ineffective assistance of counsel, in that his trial counsel failed to adequately investigate his case and presented Jones from testifying in his own defense.

In an affidavit which accompanied his post-conviction petition, petitioner claimed that he had discussed the possibility of testifying with his attorney, who advised against it.

"Mr. Randall advised and urged against my testifying. I disagreed and stated my desire to testify. Mr. Randall told me that if I testified, the prosecutor would use my prior convictions to

impeach me. Mr. Randall said that this would prejudice the jury against me, and that the jury would likely convict me on the basis of my prior record. He urged me not to testify and I followed his advice because I was afraid that the jury would become prejudiced against me if it heard about my prior record conviction. I felt, though, that the jury would feel I had something to hide if I did not testify and deny the charges. During trial, when I asked Mr. Randall could I testify in my own defense, Mr. Randall said 'no.' "

■ The State contends that petitioner has waived his arguments by failing to raise them during his trial and on direct appeal. However, given that petitioner has alleged ineffective assistance of counsel, the argument that he waived the legal arguments his attorney failed to raise at trial is not tenable. Moreover, only issues which have a factual basis in the record may be raised on direct appeal. (*People v. Edwards* (1980), 83 Ill. App. 3d 128, 403 N.E.2d 771.) The allegations Jones brings in his post-conviction petition could not have been raised on appeal, as they are not found in the record, and therefore he cannot be deemed to have waived these issues on the ground that he did not raise them in his appeal.

The State alternatively contends, assuming *arguendo* that Jones has not waived these issues, that his petition was properly dismissed as meritless. It maintains that petitioner waived his right to testify by agreeing with his counsel that he should not testify, and, by the time he changed his mind, defense counsel had already planned his trial strategy and could not change it to allow Jones to testify.

■ The allegation that a petitioner was deprived of his right to testify has been held sufficient to get him beyond the first stage of post-conviction proceedings. (*People v. Dredge* (1986), 148 Ill. App. 3d 911, 500 N.E.2d 835.)

"It is now generally recognized that a criminal defendant's prerogative to testify at his or her own trial is a fundamental right, which only the defendant may waive. Whether to exercise that right is not one of those matters which is considered a strategic or tactical decision best left to trial counsel." (148 Ill. App. 3d at 913.)

Here, Jones has not only alleged that defense counsel prevented him from testifying, he has also alleged prosecutorial misconduct and ineffective assistance of counsel. Given the low standard which a petitioner must meet in order to proceed beyond the threshold evaluation of his petition, we hold that Jones sufficiently alleged meritorious constitutional claims.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and this case remanded with directions to proceed in accordance with sections 122—4 and 122—6 (Ill. Rev. Stat. 1985, ch. 38, pars. 122—4, 122—6).

Reversed.

STAMOS and BILANDIC, JJ., concur.